Fletcher v. Brewer.

COLUMBUS W. FLETCHER, APPELLANT, V. FRANK E. BREWER, APPELLEE.

FILED JANUARY 9, 1911. No. 16,201.

1. **New Trial:** ASSIGNMENT OF ERROR IN INSTRUCTIONS. Where a general assignment is made in a motion for a new trial that the court erred in giving a group of instructions, it is not error to overrule the motion if any one of the instructions in the group has been properly given.

2. **Trial:** CONTRACT: CONSTRUCTION: QUESTION FOR COURT. Under the circumstances in this case, it was the duty of the court, and not of the jury, to determine the meaning of the written contract in evidence.

3. **Parol** evidence may be received to supply an omission as to the time at which delivery of a deed is to be made, if the time is not fixed in the contract.

4. **Vendor and Purchaser:** CONTRACT OF SALE: TIME OF DELIVERY. Where in a written contract for the sale of real estate no time is definitely fixed for the delivery of the deed, yet from the context it is apparent that in the contemplation of the parties it must be delivered before a certain time, in the absence of evidence to supply the omission the court should construe the contract to mean that the delivery should be made within a reasonable time,

and on or before the date at which it must be delivered in order to carry out the terms of the contract and give a mortgage to secure the unpaid purchase money.

5. ————: ————: TITLE IN THIRD PERSON. Evidence that the buyer of real estate knew at the time his vendor entered into an absolute contract of sale that the title to the property was in a third person is immaterial under the pleadings in this case.

APPEAL from the district court for Sherman county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*Aaron Wall,* for appellant.

*Robert P. Starr* and *W. H. Thompson, contra.*

LETTON, J.

This was an action to recover damages for breach of a written contract for the sale of real estate. The contract is in the ordinary form, save in one respect mentioned later. The defense pleaded is that at the time the contract was entered into the land was owned by one Philena Campbell who lived in Illinois; that the defendant had corresponded with her husband and negotiated with him for the purchase of the land; that plaintiff knew these facts and knew that it was uncertain as to whether the premises would be conveyed by her; that it was agreed that no part of the purchase money should be paid until a deed was made by the Campbells to Fletcher and deposited in the bank at Loup City; that in pursuance of this agreement there was written in the contract the words, "when deed in bank," which meant, and was intended to mean, when the deed was executed by Campbell to Fletcher and placed in the Loup City bank; that Campbell refused to make the deed, and that plaintiff acquiesced in the refusal and abandoned the contract and has in no manner complied with its conditions. The trial resulted in a judgment for the defendant, from which plaintiff appeals.

Plaintiff complains that the court erred in admitting oral evidence for the purpose of varying the terms of the written contract, in giving paragraphs 5, 6 and 7 of the instructions, and in refusing to give paragraphs 2, 3 and 4 of the instructions requested by the plaintiff. For convenience we will consider these complaints in inverse order.

The rule has long been established in this court that parties complaining of errors at the trial must point them out specifically to the district court in the motion for a new trial. Where a general assignment is made that the court erred in giving a group of instructions, it is not error for that court to overrule the motion for a new trial if any one of the instructions in the group has been properly given. *Johnston v. Milwaukee & Wyoming Investment Co.*, 49 Neb. 68. It is clear ·that several of the instructions given were correct statements of the law, and hence the assignment of error is not well taken.

Coming now to the instructions requested by the plaintiff and refused. This error was also assigned *en masse* in the motion for a new trial; but, since we are satisfied that the court erred in refusing to give each and all of them, the assignment was sufficient. By the first of the instructions requested and refused the jury were told that the contract was unconditional, that the defendant was thereby bound to convey the title, and that if he failed to perform he would be required to answer in damages to the extent of the plaintiff's loss; the second told the jury that Brewer had a right to enter into the contract even if he knew he was not the owner of the real estate at the time of making it, and that the title was in another; and the third, that the law recognizes in Brewer the right to presume he would be able to acquire the title to the land in time to enable him to fulfil his contract, and that if he has contracted to convey and fails to fulfil his contract he will be liable in damages the same as if he had been the actual owner of the title at the time. No instructions given by the court covered these points, and

they should have been given to the jury.  By instruction No. 5, given on its own motion, the court apparently made plaintiff's recovery depend upon whether the jury believed that the contract was an unconditional one.  We think it was the duty of the court to construe the contract, and to direct them as the plaintiff requested in this respect.

The plaintiff further complains of error in the admission of evidence.  At the trial plaintiff testified to a conversation with respect to the time of payment of the $500.  When the defendant came to the stand he testified that the title to the land when the contract was entered into was in the name of Mrs. Campbell.  He was then asked what conversation he had at that time with Mr. Fletcher with reference to that fact.  This was objected to as immaterial, incompetent, and as an attempt to vary the terms of the written contract by parol evidence.  The objection was overruled and exception taken.  However, a number of other questions were asked and answered and considerable testimony along this line was received without objection for the purpose of showing Fletcher's knowledge that Brewer did not own the land.  We are of opinion that the court erred in admitting this evidence on account of it being immaterial whether Fletcher knew this or not.  Brewer had a right to sell and Fletcher to buy even if this were the fact.  There is neither pleading nor proof to bring the case within the rule of *Norman v. Waite,* 30 Neb. 302, and *Dodd v. Kemnitz,* 74 Neb. 634.

The contract itself is plain and unambiguous, unless it may be said that the words, "when deed in bank," contained a latent ambiguity which requires explanation.  It is contended that this expression is ambiguous as to the person who was to execute the deed, and therefore that parol testimony was admissible to explain it.  We are not of that opinion.  The contract is that "the said party of the first part will convey and assure to the party of the second part, in fee simple, clear of all incumbrances whatever, by good and sufficient abstract and warranty deed."

This is an agreement that Brewer will "convey and assure." The purchaser agreed to pay $2,800 "in the manner following, $500 cash in hand paid, when deed in bank, the receipt whereof is hereby acknowledged, and the balance, $900 March 1, 1908, and $1,400 on five years' time, interest payable annually at 6 per cent. per annum from March 1, 1908, same to be a first mortgage lien on the premises." The contract was made on September 4, 1907, and a check on sufficient funds in the same bank payable to Brewer's order was left in the bank by Fletcher to be paid when the deed was deposited. The only matter that was left open or which was susceptible of addition or explanation was the time of deposit of the deed. Since no time was fixed in the contract, and none appears to have been fixed by the parties, so far as the evidence discloses, the court should construe the writing to mean that the deed should be delivered within a reasonable time, and on or before March 1, 1908, when the next payment was to be made. If the parties agreed to a definite time, but did not incorporate it in the writing, parol evidence might be received to supply the omission. *Huffman v. Ellis,* 64 Neb. 623; 17 Cyc. 741.

We think the contract to sell is plain and unambiguous, and that the fact that the defendant did not own the land at the time he made it is not important. He made a written agreement to sell and convey, and must abide by his contract. He is in the position of every other vendor who sells for future delivery property of which he is not in possession. The buyer is entitled to rely upon the contract, and the seller takes the chances of not being able to perform. *Beck v. Staats,* 80 Neb. 482; *Arensten v. Moreland,* 122 Wis. 167, 65 L. R. A. 973; 2 Warvelle, Vendors (2d ed.) sec. 936; 2 Sutherland, Damages (3d ed.) sec. 581.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.