MASTER LABORATORIES, INC., A CORPORATION, ET AL., APPELLEES, v. GERTRUDE CHESNUT ET AL., APPELLANTS.

49 N. W. 2d 693

Filed November 2, 1951. No. 32983.

*Ben F. Shrier, Gray & Brumbaugh,* and *Fischer, Fischer & Fischer,* for appellants.

*Kennedy, Holland, DeLacy & Svoboda,* and *L. J. Tierney,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellees sought specific performance of an option for the purchase of real estate located in the city of Omaha as set forth in a lease of the premises made to Master Laboratories by the executors of the estate of William Pfeiffer, deceased. Appellants are his devisees and the owners of the real estate. There were incidentally involved in the litigation controversies concerning repair of the building on the premises, reduced rental because of damage to the building by fire during the term

of the lease, and rental income from parts of the building collected by appellants after the date appellees claim they accepted or exercised the option.

The district court decreed performance of the option by appellants and conveyance by them to appellees of the premises by warranty deed upon payment by them to the clerk of that court the amount required by the option.

The option as expressed in the lease is as follows: "And it is further agreed that party of the second part (Master Laboratories) has the option to purchase said premises within 5 years from date hereof for $14,000.00 cash." Appellees claimed an unconditional acceptance and offer of performance of the option. They by letter to appellants within the term of the option stated: "Please be advised that we are hereby exercising our option under the April 1942 lease to purchase the building * * * and we stand ready to pay you $14,000.00 in cash for the same, simultaneously with delivery to us by you of warranty deed to the premises."

The conveyance to appellees of the premises by warranty deed made and delivered by appellants was a condition and requirement of each attempted acceptance and performance of the option by appellees. A necessary interpretation of their letters is that appellees exercised the option to purchase the real estate and would pay the consideration only when and if appellants executed and delivered a warranty deed conveying the premises to them. The effort to exercise the option by negotiation and conversation with Herbert W. Fischer, who had acted as attorney for appellants in certain matters, was an offer of appellees to give $14,000.00 for a warranty deed for the premises. They were willing to pay the stated amount when a warranty deed to the premises was furnished them by appellants. In their petition appellees asserted they had exercised the option, performed all of the conditions required of them by it, had been and were willing to pay the con-

siseration in cash, and were "willing to receive a conveyance" of the premises; but they asked the court to require that they be given a "sufficient warranty deed" by appellants. The offer and the proof of appellees at the trial contradicted their pleading. During the trial counsel for appellees inquired of appellants if they "would accept the $14,000.00 for a warranty deed, which they would execute" and followed this with a statement that "We are still ready to pay it for a warranty deed pursuant to the terms of the lease." The testimony of appellees on this subject was strictly and precisely confined to and within the narrow limits of the inquiry and the statement of their counsel.

The express terms of the option are only that the lessee could purchase the premises within five years for a stated consideration. It is silent as to the character of the conveyance in the event the holder of the option decided to buy the property. It was implied that if the option was accepted the sellers would furnish a good title, that is, as frequently defined, a marketable title. Richardson v. Greensboro Warehouse & Storage Co., 223 N. C. 344, 26 S. E. 2d 897, 149 A. L. R. 201; 49 Am. Jur., Specific Performance, § 95, p. 111; 1 Warvelle on Vendors (2d ed.), § 351, p. 412.

The inquiry important to this phase of the case is whether or not it was implied that a part or condition of an acceptance of the offer of the option by the purchaser could be that the sellers convey the premises by deed with covenants of general warranty. The terms of an option should be precisely regarded and enforced without addition or alteration. This court has adopted and applied this view. In Wright v. Barclay, 151 Neb. 94, 36 N. W. 2d 645, it is said: "Options should be strictly construed and not extended beyond the express provisions thereof. If the parties desire to extend an option in a lease beyond the term thereof they can easily use language expressly so providing but the law should not do so for them."

The exercise of an option to buy or sell real estate must be absolute, unambiguous, without condition or reservation, and in accordance with the offer made. It must not vary in any material respect from the offer either by way of omission, addition, or alteration. There must be no lack of identity between the offer and the acceptance. Anderson v. Stewart, 149 Neb. 660, 32 N. W. 2d 140, 3 A. L. R. 2d 250, states the rule in this language: "The acceptance of an offer to buy or sell real estate must be an unconditional acceptance of the offer as made; otherwise no contract is formed. There must be no substantial variation between the offer and the acceptance. If the acceptance differs from the offer or is coupled with any condition that varies or adds to the offer, it is not an acceptance, but is a counterproposition." See, also, Bergman v. Dykhouse, 316 Mich. 315, 25 N. W. 2d 210; Richardson v. Storage Co., *supra;* Restatement, Contracts, § 59, p. 65, § 60, p. 66; 55 Am. Jur., Vendor and Purchaser, § 15, p. 482, § 18, p. 484, § 38, p. 506.

Morris v. Goldthorp, 390 Ill. 186, 60 N. E. 2d 857, involved an option to sell real estate in which nothing was said as to the character of the deed by which the property was to be conveyed when properly accepted. The attempted exercise of the option by optionee required a transfer of title of the property to him by warranty deed of the optionor. The trial court determined that the attempted exercise of the option did not conform to and was not an acceptance of it as made, and denied specific performance. The Supreme Court affirmed the decree. It said: "Appellees further contend that the offer contained in the option was not accepted by appellant in accordance with its terms. As already indicated, the option constituted an offer for the sale of the property upon the terms therein prescribed. Nothing is said in the option as to the character of the deed by which the property is to be conveyed. That being true, the option, if properly accepted, entitled the purchaser to a conveyance which would vest in him

unincumbered fee-simple title, except in so far as a less estate was specified in the option * * *. In order to convey fee-simple title, it is not necessary that the conveyance be by warranty deed. A quitclaim deed is equally as effectual to pass title as a warranty deed with full covenants. * * * Nowhere in this option did the Goldthorps agree to convey by warranty deed or to warrant the title to the purchaser." See, also, Annotation, 149 A. L. R. 205; Hill v. Bell, 111 Vt. 131, 11 A. 2d 211; Trogden v. Williams, 144 N. C. 192, 56 S. E. 865, 10 L. R. A. N. S. 867; Egger v. Nesbitt, 122 Mo. 667, 27 S. W. 385, 43 Am. S. R. 596; Batie v. Allison, 77 Iowa 313, 42 N. W. 306; Bolton v. Huling, 195 Ill. 384, 63 N. E. 140. Appellees have not referred to any authority from any jurisdiction expressing a contrary view, and none has been discovered by independent research.

Appellees say that appellants did not raise the question as to the "kind of deed" until the argument on their motion for new trial, and because of this the effectiveness of their attempt to accept the offer made by the option should not be considered by this court. The record does not support their contention in this regard. The answer of appellants by general denial put in issue each allegation of the petition intended to plead acceptance of the option and offer of performance of the provisions thereof by appellees, and the answer specifically denied that appellees at any time "exercised or offered to exercise the option to purchase said property described, within the terms and provisions of said option to purchase." The pleading of appellants properly raised, and there was always thereafter present, the issue as to whether or not appellees had unconditionally and effectively accepted the offer of the option and tendered performance of the conditions thereof. Marshall v. Rowe, 126 Neb. 817, 254 N. W. 480; Barry v. Barry, 147 Neb. 1067, 26 N. W. 2d 1.

The judgment of specific performance is not justi-

fied by the evidence, is contrary to law, and must be reversed.

The findings and decree of the court, not hereinbefore considered and not involved in the cross-appeal of appellees, concerned and resulted in an accounting between the parties on the basis that appellees had accepted the offer of the option and become the owners of the premises involved herein on the second day of July 1946. It follows from what has been said and determined herein that the basis of the accounting and the part of the judgment relating thereto were and are incorrect and must be set aside.

The cross-appeal challenges the correctness of the finding and adjudication that appellants had sufficiently repaired the building after the fire therein and were not obligated to make any other repairs to it or to the elevator therein. The lease required the lessors to pay for repairs on the building unless they were made necessary by the negligence of the employees of the lessee. The second story of the building and elevator were damaged by fire, and the first floor sustained water damage on May 29, 1945. The district court did not determine whether the fire was or was not caused by the negligence of appellees or their employees. Appellees were not under the circumstances of this case entitled to judgment requiring appellants to make repairs or to the cost or expense of making them. Appellees were lessees of the premises and had no other interest in or right thereto, or to the possession or use thereof. The measure of damages for breach by the landlord of a covenant to make repairs to the leased premises is generally the difference between the value of the use of the premises in the condition that they were contracted to be and the rental value in their actual condition. If the contract is for a particular use by the lessee, the rental for that use is the standard by which damages may be awarded, and special losses properly pleaded and proved to have been directly and proximately

caused by the default of the lessor may also be recovered. Mitchell v. Weiss (Tex. Civ. App.), 26 S. W. 2d 699; Kellogg v. Malick, 125 Wis. 239, 103 N. W. 1116, 4 Ann. Cas. 893; Darnall v. Day, 240 Iowa 665, 37 N. W. 2d 277; Annotation, 28 A. L. R. 1448; Annotation, 116 A. L. R. 1228; 32 Am. Jur., Landlord and Tenant, § 161, p. 156. See, also, Caves v. Bartek, 85 Neb. 511, 123 N. W. 1031; Wattles v. South Omaha Ice & Coal Co., 50 Neb. 251, 69 N. W. 785, 61 Am. S. R. 554, 36 L. R. A. 424.

The judgment of the district court should be, and it is, reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

YEAGER, J., not participating.