SIDNEY F. KEENAN, APPELLEE AND CROSS-APPELLANT, v. RACHEL SWIFT KEENAN, APPELLANT AND CROSS-APPELLEE.

193 N. W. 2d 568

Filed January 21, 1972. No. 38005.

Wright, Simmons, Hancock & Hall, for appellant.

Van Steenberg, Winner & Brower, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a divorce action. Defendant appeals and plaintiff cross-appeals. Each claims the evidence justifies a decree of divorce on his or her part but is insufficient to sustain a decree for the other. Questions pertaining to the allowance of alimony are also presented. The district court found in favor of plaintiff but allowed temporary support money and permanent alimony. We

affirm the judgment of the district court subject to a minor modification.

Plaintiff was 71 years of age and a former rancher. He had known defendant, who was a resident of Arkansas, for many years. She was 63 years of age and a maiden lady. Plaintiff's first wife died in March 1969. He was in ill health, suffering from diabetes, arthritis, and an ulcer. He felt he needed someone to take care of him but was very reluctant to enter a nursing or rest home. In May he visited defendant in her home and was fully aware of its run-down condition and the circumstances under which she lived. He returned to Arkansas in December, became engaged, and the parties married on December 31, 1969.

He had given the defendant a $1,500 ring, loaned $1,400 to defendant's sister, gave defendant several presents, the sum of $500 the first month of the marriage, and $300 per month thereafter. He was importuned to repair the house but refused on the ground it was not worth the expense. He paid hospital expenses for defendant, but when she received insurance money covering these expenses, she retained it. He had retained his home in Nebraska and hoped to be able to spend part of each year there, but defendant was not amenable to this. The marriage was never consummated for which each holds the other responsible. Plaintiff concluded that defendant's primary interest was not in him, but in his wealth and what could be gotten from him. He returned to his Nebraska home on May 4, 1970, then returned to Arkansas with two sisters on May 9. Defendant was still unwilling to go to Nebraska with plaintiff. At that time he informed defendant he was leaving and sought to obtain his various items of property. His sisters were ordered out of the house and physically evicted. Plaintiff was forcibly restrained but got away in his automobile 3 days later on the pretext of going on some errands downtown. The evidence is conflicting and determination of the facts by the trial court must be given consideration.

"Actions in equity on appeal to this court are triable de novo, subject, however, to the rule that when credible evidence on material questions of fact is in irreconcilable conflict this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite." Parkhurst v. Parkhurst, 184 Neb. 687, 171 N. W. 2d 243.

Plaintiff made payments of $200 per month for 17 months for defendant's support and has paid $500 to cover defendant's expenses of litigation. During the short period of 4 months during which the marital relationship endured, defendant received at least $1,400, various gifts including a $1,500 ring, and an unspecified amount of insurance money. The decree awards her the further sum of $7,500 and taxes costs, including an allowance of $1,500 for attorneys' fees, to plaintiff. Defendant admitted when testifying that she was no worse off financially after the separation than before the marriage and considering all the circumstances, including the duration of the marital relationship, we find that she has been reasonably recompensed under the decree of the trial court.

The judgment of the district court is affirmed subject to the following. Plaintiff may withhold from the sum of $7,500, allowed as permanent alimony, the sum of $1,500 until such time as the personal property awarded to him, and now in defendant's hands, is delivered to him in Scottsbluff, Nebraska. Defendant is allowed the sum of $350 for the services of her attorneys in this court.

AFFIRMED AS MODIFIED.