A. J. HARRE ET AL., APPELLANTS, v. HAROLD V. WHITE ET AL., APPELLEES.

203 N. W. 2d 99

Filed December 15, 1972. No. 38483.

Donald R. Hays, for appellants.

Robert R. Gibson and Bernard J. McGinn, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

Plaintiffs sought specific performance of an agreement to sell real property. The district court entered a decree directing specific performance, and the defendant owners have appealed. We affirm the judgment and decree of the district court.

On June 8, 1970, the defendants entered into a written listing agreement with one Sam Ely to sell 80 acres of real estate in Lancaster County, Nebraska, specifically described. Ely was an agent for First Realty of Lincoln, Inc. Following the execution of the listing contract, the defendants had no further contact with Ely. In July and August of 1970, another agent for First Realty, Clare West, brought the plaintiffs to look at the property and obtained an offer of purchase from the plaintiffs which was rejected by the defendants. Later the defendants went to First Realty, reduced the listing price, and encouraged West to attempt to obtain submission of another offer to purchase from the plaintiffs. On August 12, 1970, plaintiffs executed another written offer to purchase the property for $30,000. The offer to purchase was presented to the defendants by West. On August 16, 1970, the defendants signed and acknowledged an acceptance of the offer to purchase. Thereafter the defendants refused to convey the property according to the terms of the agreement and this action for specific performance was commenced.

The defendants contend that First Realty of Lincoln acted as agent of the plaintiffs and not of the defendants and also that First Realty represented to the defendants that the purchase price specified in the contract would be net to the defendants.

The evidence in this case was in conflict in some particulars and even if all the presumptions in favor of written instruments be disregarded, the defendants still failed to establish their defensive allegations. The trial court saw and heard the witnesses and the record fully supports the findings of fact. Actions in equity on appeal to this court are subject to the rule that when credible evidence on material questions of fact is in irreconcilable conflict, this court will consider the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other. See Keenan v. Keenan, 187 Neb. 686, 193 N. W. 2d 568.

Defendants also assign as error the admission into evidence of testimony by a real estate salesman as to the reasonable rental value of the property involved. The evidence reflects that the witness not only had an acquaintance with the property, but also was informed as to the state of the market and had some experience in the rental of similar properties. Whether he be regarded as a lay or an expert witness, the foundation was clearly sufficient.

The judgment and decree of the district court was correct and is affirmed.

AFFIRMED.