VIVIAN W. BOOTH, DECEASED, APPELLEE, REVIVED IN THE NAME OF BILLY D. BOOTH, EXECUTOR OF THE ESTATE OF VIVIAN W. BOOTH, DECEASED, AUDREY BOOTH, INTERVENER-APPELLEE, v. DEANE WILKINSON ET AL., APPELLANTS.

240 N. W. 2d 578

Filed April 7, 1976. No. 40256.

Jack L. Craven, for appellants.

John McArthur, for appellee.

Bryce Bartu, for intervener-appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is an action for reformation of a deed. The District Court granted reformation and defendants have appealed.

At one time the plaintiff and her husband owned all of Block 96, City of Crete, Saline County, Nebraska. From time to time they sold various lots and had deeds and abstracts made up for each sale. In the summer of 1972, Mrs. Booth, then a widow, wanted to sell a large house which had been converted into apartments. The apartment house was located in the southwest portion of Block 96 and the residence in which Mrs. Booth lived adjoined the apartment house to the east. Between Mrs. Booth's house and the apartment house were

two driveways paralleling each other and entering the property from the street to the south. The driveway on the west was a rock driveway which led directly to the apartment house garage at the rear of the apartment house. The driveway on the east was a concrete driveway with a curb dividing it from the rock driveway. The concrete driveway paralleled the rock driveway for some distance and then turned east to enter the Booth garage, which was a part of the house itself.

Mrs. Booth's son took care of much of her business and he contacted Gateway Realty Company and listed the apartment house property for sale. He did not give the realty company any legal discription. A realtor stated that Mrs. Booth gave him the description for the listing from the abstract over the telephone. It was the description which had been used for the apartment house before the Booth residence was built. The defendant, Deane Wilkinson, saw the for sale sign in the yard of the apartment house and inquired about it. Mrs. Booth sent her son with Wilkinson to show him the property. Mr. Booth testified that when he took Wilkinson to inspect the property he pointed out the two driveways, they talked about the garage and the boundary line, and that Wilkinson knew and understood where the boundaries were. Wilkinson testified that he was mostly interested in the apartment house but did not pay much attention to the surrounding area. He said there was no discussion between them as to where the boundary lines were, but agreed that he must have noticed two driveways between the properties and that one was rock and the other was concrete. Wilkinson did not visit the property again until he purchased it.

Mr. and Mrs. Wilkinson went to the real estate company and told the agent they wished to buy the Booth property. All the agent knew about the property was what showed on the listing agreement and the description she used in the contract was obtained from the listing ticket. The deed was also drawn up by Gateway

Realty and the contract and deed were signed by Mrs. Booth. The transaction was closed on October 16, 1972. At that time there was no discussion about the description of the property and no survey was made prior to sale. In the deed the property was described as Lots 7 and 8 and the south 22.12 feet of Lot 9, Block 96, City of Crete, Saline County, Nebraska, otherwise known as 808 East 16th Street, Crete, Nebraska.

The east boundary of that description came within 3 feet of the west side of the Booth house and embraced all the concrete driveway, including the portion leading into the Booth garage. After closing, the Wilkinsons used the rock driveway and the Booths continued to use the concrete driveway. Wilkinson testified he did not find out that he owned the property almost to the Booth house until the deed was delivered and recorded. In December, some 2 months later, Wilkinson informed Booths that he claimed the property, including the concrete driveway to the Booth house.

Mr. Booth testified that if the boundary line was located on the description in the deed it would be impossible for the Booths to get into their garage without trespassing on Wilkinson's property, and the cost of making another opening in the house for the garage to change the entrance would cost from $10,000 to $12,000.

Mrs. Booth filed this action February 2, 1973, but died shortly thereafter. The action was revived in the name of the executor of her estate. At the conclusion of the trial the District Court entered judgment finding that the parties had an agreement on the boundary lines of the properties, and that the plaintiff intended to sell and the defendants intended to purchase a tract of land in which the east boundary line was 36.75 feet west of the boundary line in the deed description; and that by reason of mistake the deed erroneously described the property. The court reformed the deed to convey the property intended and directed the defendants to execute a quit claim deed to the plaintiff for the portion of the

property erroneously included. The defendants have appealed.

The defendants' argument rests on the contention that the evidence is insufficient to support the judgment because it does not clearly and convincingly establish a mutual mistake of fact. It has been firmly established in this state that a court of equity will reform the description contained in a deed of conveyance where it is established by clear and convincing evidence that the instrument fails to express the real intention of the parties. See, Gwyer v. Spaulding, 33 Neb. 573, 50 N. W. 681; Ingraham v. Hunt, 159 Neb. 725, 68 N. W. 2d 344.

The basic issue is whether or not the true agreement of the parties was or was not accurately stated in the instrument. If the instrument fails to express the true intention and agreement of the parties, then it may be reformed where that fact is established by clear and convincing evidence. In a case somewhat similar to the case at bar, the boundary of property conveyed was intended to be the north 1 foot of the area described, but by mistake was shown as 11 feet. The seller testified that prior to the sale he had pointed out the boundary to the buyer, but the buyer testified that the boundary had only been pointed out in vague terms. The parties continued to use and possess the intended property. The mistake was discovered when a survey was made. The trial court found there was mutual mistake and allowed reformation of the deed. This court affirmed and said: "Where a mistake of the parties relates to the identity of the property itself, reformation may not be had. However, where there is no mistake as to the identity of the land intended to be conveyed, but there is a mistake in the description of it, equity may reform the instrument to conform to the true intention of the parties." Lippire v. Eckel, 178 Neb. 643, 134 N. W. 2d 802, citing cases.

The mistake must be proven by clear and convincing evidence, but this does not mean that the evidence must

be uncontradicted. A mere denial by one party that a mistake has been made will not preclude reformation. Neither will relief be denied merely because there is conflicting testimony. It is sufficient if the ground for relief is established in a clear and convincing manner to the satisfaction of the court. Olds v. Jamison, *ante* p. 388, 238 N. W. 2d 459. See, also, 66 Am. Jur. 2d, Reformation of Instruments, § 125, p. 651.

While some of the evidence may be circumstantial, the evidence as a whole is nonetheless clear and convincing that the parties understood and intended that the boundary line of the property was the line between the two driveways. This action is one for equitable relief in which we are required to try the issues of fact de novo. Our review, however, is subject to the rule that when credible evidence on material questions of fact is in irreconcilable conflict, this court will consider the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other. Harre v. White, 189 Neb. 404, 203 N. W. 2d 99.

We conclude that the evidence was clear and convincing, and established that the description of the property in the agreement and deed did not express the true intention and understanding of the parties. The plaintiff was entitled to reformation. The judgment of the District Court was correct and is affirmed.

AFFIRMED.