GIL GRADY, APPELLEE, v. DONALD E. DENBECK ET AL.,
APPELLANTS.
251 N. W. 2d 164

Filed March 2, 1977. No. 40812.

Forrest F. Peetz of Magnuson, Magnuson & Peetz, for appellants.

Edward E. Hannon of Cronin & Hannon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an action to recover on a promissory note executed by the defendants. Prior to trial, the defendants filed a motion for summary judgment. Their motion was overruled and the case proceeded to trial. A jury trial was had on March 9, 1976, and that same day the jury returned a verdict in favor of the plaintiff and against the defendants in the amount of $21,125. The plaintiff was also awarded interest and costs. The defendants' motions for a new trial were overruled and they now appeal. We affirm the judgment of the District Court.

On appeal, the defendants contend as follows: That the District Court erred in denying their motion for summary judgment; that the verdict was not supported by the evidence; and that the court erred by giving instruction No. 5 to the jury. We shall examine each of these contentions in order.

The defendants first argue that the District Court erred when it denied their motion for a summary judgment, for the reason that no real issue of fact then existed, in that there was a complete lack of want of consideration to support the promissory note.

The burden is upon the party moving for a summary judgment to show that no issue of fact exists, and unless he can conclusively do so, the motion must be overruled. Upon a motion for summary judgment, the court examines the evidence in the light most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may be reasonably drawn therefrom. Pfeifer v. Pfeifer, 195 Neb. 369, 238 N. W. 2d 451 (1976); Randall v. Erdman, 194 Neb. 390, 231 N. W. 2d 689 (1975).

Before the court, at the time it was called to rule upon the defendants' motion, were the pleadings of both parties, and depositions by the plaintiff and both defendants. The plaintiff, in his pleadings, alleged a promissory note dated September 1, 1971, in the amount of $21,125. The defendants in their second amended answer admitted the execution of the note, but denied that there was any consideration for it.

In his deposition, the plaintiff testified that the note in question was signed at the same time as a real estate transaction in Searcy, Arkansas. The plaintiff was the broker for this sale, and the defendants were the buyers. The agreement for sale and purchase of the real estate, a motel in Searcy, Arkansas, contained the following provision:

"That the brokerage commission due and owing as a result of this sale in the amount of $21,125 - shall be paid to Gil Grady on or before Sept 1, 1973 together with 7% interest payable annually. Said amount shall be payable by second parties promissory note executed on closing day." The defendants were the second parties in this agreement.

In his deposition, the plaintiff was asked: "Now in reference to the note for $21,125, what services, if any, did you provide for Mr. Denbeck for that promissory note?", to which he replied: "Negotiated the sale and purchase of the Holiday Inn at Searcy, Arkansas, and the purchase price that the sellers were to receive was

adjusted by a like amount to compensate for the note that Mr. and Mrs. Denbeck executed."

In his deposition, defendant Donald E. Denbeck testified that the promissory note was executed to satisfy and in accordance with the above-mentioned provision in the sale and purchase agreement. In defendant Denbeck's deposition, the following exchange took place:

"Q. Isn't it true that there was an adjustment of the purchase price downward by $26,000, and your agreement, then, was to pay the commission which would have otherwise been payable by the sellers?

"A. This was just the way the contract went — was put together.

"Q. You agreed to pay this commission, did you not, sir?

"A. Yes, sir."

It was proper for the District Court to deny the defendants' motion for summary judgment. The above evidence clearly indicates a genuine issue of fact relating to consideration. There is no merit to this contention.

The defendants next allege that the evidence was insufficient to support the verdict of the jury. In testing the sufficiency of evidence to support a verdict, the evidence must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in favor of such party, and he should have the benefit of every inference that can be drawn therefrom. Hansen v. Hasenkamp, 192 Neb. 530, 223 N. W. 2d 44 (1974). A verdict by a jury based upon conflicting evidence will not be set aside on appeal unless it is clearly wrong. Moser v. Jeffrey, 194 Neb. 132, 231 N. W. 2d 106 (1975). At the trial, the evidence presented to the court on the summary judgment motion was expanded upon.

A settlement sheet dated September 1, 1971, the closing day for the transaction, introduced into evidence, indicated that the defendants paid the commission of

$21,125. The defendant Donald Denbeck admitted receiving a copy of the settlement sheet.

The sale and purchase agreement called for a purchase price of $409,319.97, plus the commission. The listing agreement for the motel called for a commission of 6 percent of the total selling or trading price. The purchase price, $409,319.97 plus commission $26,125, is $435,444.97. Exhibit 2 at the trial, the purchase and sale agreement provided that the buyers would pay the plaintiff a commission of $21,125. There was testimony that the figure was originally $26,125 and that it was reduced by $5,000 by the plaintiff, because the defendants claimed he owed them $5,000 from the sale of a previous motel.

The defendant Denbeck testified that the paragraph in the purchase and sale agreement concerning payment of the plaintiff's commission was placed in the agreement on September 1, 1971. He testified that he gave the promissory note to the plaintiff because the plaintiff was to list and resell the same motel for them. The plaintiff testified that the paragraph in the agreement concerning payment of commission was placed in the agreement on July 27, 1971, and that the defendants' testimony as to when this provision was placed in the agreement was incorrect.

There was sufficient evidence to support the jury's finding in favor of the plaintiff. There is no merit to this contention.

Lastly, the defendants claim that the District Court erred in giving instruction No. 5 relating to consideration. It reads as follows: "A 'consideration' for an agreement requires that there be a benefit on one side, or a detriment suffered or a service done on the other but the benefit rendered need not be to the party contracting but may be to any one else at his procurement or request."

This was a correct statement of the law. Adair v. Adair, 192 Neb. 571, 222 N. W. 2d 908 (1974). There

was no error by the District Court in giving this instruction.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.