COMMUTER DEVELOPMENTS AND INVESTMENTS, INC., APPELLEE, v. LEONARD F. GRAMLICH AND LAURA ANN GRAMLICH, APPELLANTS.

279 N. W. 2d 394

Filed May 29, 1979. No. 42061.

Finlayson, McKie & Fisk and L. R. Brodkey, for appellants.

Chris M. Arps, for appellee.

Heard before KRIVOSHA, C. J., McCOWN, and WHITE, JJ., and KORTUM and FAHRNBRUCH, District Judges.

KORTUM, District Judge.

This is an action for the specific performance, or in the alternative, for damages, for breach of an option contract for the purchase of real estate. The District Court found for the plaintiff on the basis that a valid enforceable option existed and assessed damages against the defendants.

The plaintiff, Commuter Developments and Investments, Inc., is a corporation engaged in oil well promotion and land development. In 1965 the plaintiff purchased the land in question for $700 an acre. In 1971 the parties commenced a series of transactions involving the north 49 acres of the property.

On April 19, 1971, the plaintiff gave Leonard Gramlich, one of the defendants, a note for $10,000. Leonard, a real estate salesman, took a second mortgage on the property and also received a "firm listing for sale" of the real estate.

On May 5, 1971, the plaintiff gave a second note to Leonard, this note being for $5,000. Chronologically the next matter of significance occurred on July 31, 1971. The president of the plaintiff corporation wrote a letter to the board of directors stating that he planned to sell the real estate with a 5-year repur-

chase option "as previously discussed."

On August 1, 1971, the defendants executed the option in question. Leonard then gave the plaintiff a check dated August 2, 1971, for $15,000 as part of the sales price. The plaintiff executed a quitclaim deed to a small portion of the property and on October 18, 1971, executed a corporation warranty deed to the balance of the land. The deeds were notarized on October 18, 1971, and filed on November 17, 1971. On November 23, 1971, Leonard paid plaintiff $2,283.83. Cancellation of two notes for $15,000 was part of the purchase price of the property.

On May 31, 1974, the defendants sold the land to third parties for $1,200 an acre. The plaintiff attempted to exercise the option on May 3, 1976, and upon defendants' refusal to honor the option, this litigation ensued.

The original option was not produced at trial. Plaintiff's witness testified that it was lost and he could not find it. A copy of the option was admitted by the trial court and, in addition, the trial judge admitted testimony as to the intent of the parties surrounding the transaction.

The defendants first contend the trial court erred in admitting the option into evidence. Defendants urge that no consideration existed for such option and that the one dollar consideration recited in the option was never paid. Under the general principles of contract law, the consideration for an option may consist of some benefit to the promisor, some loss to the promisee, or some money or other thing of value given, paid, or exchanged. 77 Am. Jur. 2d, Vendor and Purchaser, § 35, pp. 215, 216. A consideration for an agreement to become a binding contract requires a benefit on one side or a detriment on the other. Grady v. Denbeck, 197 Neb. 795, 251 N. W. 2d 164 (1977); Adair v. Adair, 192 Neb. 571, 222 N. W. 2d 908 (1974).

The consideration in this case is apparent. The

terms of the option provided for a repurchase by the plaintiff at the original sales price plus a 10 percent raise in evaluation each year for the 5 years the option was to exist. In addition, the defendants received an additional $15,000 in oil interests which they still retain. The defendants collected the rents from the property and Leonard paid himself a commission upon the sale of the land from plaintiff.

The plaintiff benefited by getting out of debt, by cancellation of the outstanding notes to defendants, and by eliminating the second mortgage, but suffered a detriment of 10 percent appreciation to the value of the property each year. In addition the evidence is clear that the plaintiff would not have deeded the land in question to the defendants without the option.

The defendants further contend the trial court erred in admitting the copy of the option into evidence, over timely objections, under the best evidence rule. Section 27-1003, R. R. S. 1943, provides: "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." The record discloses there is no question as to the authenticity of the option agreement itself. The defendant, Leonard Gramlich, admitted the instrument bore the signatures of both defendants. Under section 27-1004, R. R. S. 1943, the burden was on the plaintiff to show that the original of the option was lost or destroyed and the testimony of the plaintiff's president establishes that the original was looked for but could not be found. We cannot say under the circumstances that it was error to admit the duplicate copy into evidence.

Defendants next contend the trial court erred in finding that on the date of the option agreement, the defendants were the owners of the tract in question. While it is true that on August 2, 1971, the plaintiff

had by quitclaim deed conveyed 4.65 acres of the premises to the defendants, which consisted of a railroad right-of-way, the major portion, or 44.35 acres, of the tract was not conveyed until October 18, 1971, by warranty deed. Such a finding is neither crucial nor controlling to the decision rendered by the trial court. It is not necessary to the validity of the option agreement that the title rest in the party giving the option.

In Phillips Petroleum Co. v. City of Omaha, 171 Neb. 457, 106 N. W. 2d 727 (1960), this court defined an option as follows: " 'An option to purchase real estate is a unilateral contract by which the owner of the property agrees with the holder of the option that he has the right to buy the property according to the terms and conditions of the contract. By such agreement the owner does not sell the land, nor does he at the time contract to sell. He does, however, agree that the person to whom the option is given shall have the right at his election or option to demand the conveyance in the manner specified. It is merely the right to an election which has been sold and the owner of this right is not bound to complete the sale.' " The court further explains: " 'An option to purchase land does not constitute an interest in the land itself, but it is a mere right of election to accept or reject a present offer within the time fixed * * *.' " See, also, Fletcher v. Brewer, 88 Neb. 196, 129 N. W. 288 (1911), in which the court said: " * * * [T]he fact that the defendant [the vendor] did not own the land at the time he made it [the contract] is not important. He made a written agreement to sell and convey, and must abide by his contract. He is in the position of every other vendor who sells for future delivery property of which he is not in possession. The buyer is entitled to rely upon the contract, and the seller takes the chances of not being able to perform."

Defendants contend the trial court erred in finding

that the option was not waived, surrendered, abandoned, or merged into the deeds given by plaintiff to the defendants. There was an obvious conflict in the evidence as to the intent of the parties in these respects. Our review is subject to the rule that when credible evidence on material questions of fact is in irreconcilable conflict, this court will consider the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other. Booth v. Wilkinson, 195 Neb. 730, 240 N. W. 2d 578 (1976); Harre v. White, 189 Neb. 404, 203 N. W. 2d 99 (1972).

We conclude the assignments of error and the contentions made thereunder are without persuasive support in the record and the judgment of the District Court was correct.

AFFIRMED.