STATE SECURITIES COMPANY, A CORPORATION, APPELLANT,
v. ARTHUR A. DARINGER ET AL., APPELLEES, AND
CHARLES AND LORENE HINDMAN, HUSBAND AND WIFE,
APPELLANTS.

293 N. W. 2d 102

Filed June 10, 1980. No. 42803.

R. P. Cathcart of Ginsburg, Rosenberg, Ginsburg, Cathcart, Curry & Gordon, for appellant State Securities.

Leonard J. Germer and Lance J. Johnson, for appellants Hindman.

Richard D. Sievers of Marti, Dalton, Bruckner,

O'Gara & Keating, P.C., for appellees Twentieth Century and Brzon.

Heard before BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This was an action for specific performance of an option to purchase real estate in Jefferson County, Nebraska. The parties actively involved in this appeal are Charles and Lorene Hindman, contract sellers of the land; George Brzon and Twentieth Century, Inc., contract purchasers of the land; and the plaintiff, State Securities Company, a remote assignee of a lease containing an option to purchase.

The evidence shows that, in 1965, the Hindmans entered into a written contract for the sale of a part of the property to George Brzon. Mrs. Hindman's parents, Joe and Emma Tuma, entered into a similar agreement with Brzon, for the sale of the balance of the property. Mrs. Hindman succeeded to all rights in the Tuma real estate and the Tuma contracts on the death of her parents.

Brzon conveyed his interest in the disputed property to Twentieth Century, Inc., which in turn entered into a written contract for the sale of the real estate to Christian D. and Patricia A. Ulrich. On January 27, 1971, the Ulrichs leased the property for 3 years to Kenneth C. and Janice M. Burwell and Lyle E. and Linda J. Burwell. The lease granted the Burwells an option to purchase the real estate and the right to renew the lease and purchase option at the end of the 3-year period.

Subsequent to the Ulrich-Burwell lease, the Ulrichs entered into an agreement with the Haddam Elevator Company, Inc., assigning Haddam $4,762.87, plus interest, out of the sale proceeds of the land in the event that the Burwells exercised their option to purchase. In the event the option was not exercised, Haddam's assignment was to be a lien against the land.

In April 1972, the Burwells assigned their lease to Arthur A. and Judith L. Daringer. Under this assignment, the Daringers acquired the balance of the term of lease, including the option to purchase and the right of renewal. On May 8, 1972, the Daringers assigned the lease to the plaintiff, State Securities Company. The evidence indicates the assignment by the Daringers was made to secure an extension of credit from State Securities to the Daringers. Although the Daringers executed two later assignments, they both conformed to the May 8, 1972, assignment and assigned only the Daringers' interest in the Ulrich-Burwell lease.

On August 16, 1972, the Ulrichs conveyed their interest in the land to Duane J. Bliss. On March 6, 1974, after the expiration of the Ulrich-Burwell lease, Bliss entered into a new lease with the Daringers for another 3-year term which again included an option to purchase the property. In 1977, Bliss conveyed his interest in the property back to Twentieth Century.

In 1975, the plaintiff decided to exercise the option to purchase the property and obtained the abstracts of title to the property. It attempted to obtain a payoff figure on the real estate from the escrow agent. The plaintiff commenced this action on July 22, 1977, to compel specific performance of the purchase option.

The amended petition alleged the assignment by the Daringers to the plaintiff on May 8, 1972, of the Ulrich-Burwell lease, dated January 27, 1971, which had been assigned to the Daringers on April 21, 1972. A copy of the Bliss-Daringer lease, dated March 6, 1974, was attached to the amended petition *but the plaintiff alleged its rights were derived through the assignment on April 21, 1972, of the Ulrich-Burwell lease, dated January 27, 1971.*

The answer of the Hindmans alleged a breach of the contracts for the sale of the property and

prayed for strict foreclosure.

The answer of Brzon and Twentieth Century, Inc., alleged that neither the option to purchase contained in the Ulrich-Burwell lease, nor the option under the Bliss-Daringer lease had been exercised. It prayed that Twentieth Century, Inc., be adjudged to be the owner of the property.

The District Court found that the Hindmans had the legal title to the property and that equitable title was vested in Twentieth Century subject to the lien of the Haddam Elevator Company. Twentieth Century was given 90 days to pay the balance due under the Hindman and Tuma contracts of sale and discharge the lien of the Haddam Elevator Company. Upon payment of the proper amounts into court, title to the property was to be quieted in Twentieth Century. If the sums were not paid within the time specified, the property was to be sold to satisfy the amounts due the Hindmans and the elevator company. The Hindmans' plea for strict foreclosure was denied. The plaintiff and the Hindmans have appealed.

In denying the Hindmans' plea for strict foreclosure, the District Court found, and the evidence shows, that the property had a value of approximately $250,000, an amount far in excess of the amount due the Hindmans, which was approximately $50,000.

Strict foreclosure was not an appropriate remedy under the circumstances in this case. A contract for the purchase of real estate may be strictly foreclosed where it is clear that the property is of less value than the contract price and that it would not bring a surplus over and above the amount due if a sale were ordered and such procedure would not offend against justice and equity. *Riffey v. Schulke,* 193 Neb. 317, 227 N.W.2d 4 (1975). A plea for strict foreclosure is addressed to the sound legal discretion of the court and will be granted only where it

would be inequitable and unjust to refuse it. *Ruhl v. Johnson,* 154 Neb. 810, 49 N.W.2d 687 (1951).

The remaining issues are whether the plaintiff had an option to purchase the property and, if it did, whether it exercised the option. Central to the question of whether the plaintiffs had a valid option to purchase the property in 1975 is whether the Bliss-Daringer lease executed in 1974 was a renewal of the 1971 Ulrich-Burwell lease or an entirely new lease.

The District Court found that the option to purchase under the Ulrich-Burwell lease was never exercised and expired when the lease terminated without renewal. The lease which Daringer obtained from Bliss in 1974 was a new agreement and not subject to the plaintiff's assignment from Daringer. The District Court found that the plaintiff had no option to purchase the real estate in 1975, the time it attempted to exercise the option.

The court further found that, even if it were assumed the plaintiff had owned an option to purchase the property, it failed to exercise it. Neither its actions nor the actions of anyone on its behalf amounted to an exercise of the option. At most, the evidence revealed only preliminary discussion with respect to a proposed exercise of the option.

The Ulrich-Burwell lease provided for renewal in writing on or before the November 1 preceding the termination date of the lease, February 26, 1974. The Daringers gave no notice to anyone of their intention to renew the Ulrich-Burwell lease before it expired, so that lease expired by its own terms. On March 6, 1974, a new lease between the Daringers and Bliss was executed. This lease provided the date of possession was the date of execution by the lessor and clearly was not a renewal of the Ulrich-Burwell lease. The assignment, through which the plaintiff claimed its option to purchase, assigned all of the Daringers' rights, title, and interest in the contract dated April 21, 1972, between the Daringers

and the Burwells. When the Ulrich-Burwell lease expired, the option contained in it was extinguished. The Daringers could not have exercised in 1975 the option to purchase contained in the 1971 lease and the plaintiff, as their assignee, could not do so either. An assignee acquires only the rights of the assignor. *Hansen v. E. L. Bruce Co.,* 162 Neb. 759, 77 N.W.2d 458 (1956); *Babson v. Village of Ulysses,* 155 Neb. 492, 52 N.W.2d 320 (1952).

The record further shows that the plaintiff never exercised any option. Even if the plaintiff had held a valid option, it failed to exercise it. In order to exercise the option to purchase under the Bliss-Daringer lease, the lessee was required to give written notification of its intention to exercise the option and immediately enter into a written agreement for purchase. The plaintiff did nothing more than obtain the abstracts of title and attempt to obtain a payoff figure. Options should be strictly construed and not extended beyond the express provisions thereof. *Wright v. Barclay,* 151 Neb. 94, 36 N.W.2d 645 (1949). The exercise of an option to buy or sell real estate must be absolute, unambiguous, without condition or reservation, and in accordance with the offer made. *Master Laboratories, Inc. v. Chesnut,* 154 Neb. 749, 49 N.W.2d 693 (1951). The plaintiff's actions were clearly insufficient to constitute an exercise of the option.

In view of the conclusions which we have reached on issues considered by the District Court, it is unnecessary to consider the effect of the fact that the assignments from the Daringers to the plaintiff were made for the purpose of securing advances to the Daringers by the plaintiff.

The judgment of the District Court is affirmed.

AFFIRMED.

KRIVOSHA, C. J., not participating.