IN RE ESTATE OF WALTER G. MICHELS, DECEASED.
JEANNE KERWOOD, APPELLANT, V. HARRY ZWEIFEL, PERSONAL
REPRESENTATIVE OF THE ESTATE OF WALTER G. MICHELS,
DECEASED, APPELLEE.
389 N.W.2d 285

Filed June 27, 1986.   No. 84-917.

Joseph Ginsburg of Erickson & Sederstrom, P.C., and James P. McKernan of McKernan & Werner, for appellant.

Joseph F. Chilen of Denney & Chilen, for appellee.

BOSLAUGH, HASTINGS, CAPORALE, and GRANT, JJ., and BRODKEY, J., Retired.

GRANT, J.

This appeal arises out of an action brought in the county court for Thayer County by the appellant, Jeanne Kerwood, daughter of the deceased, Walter G. Michels. The action was brought for construction of Walter Michels' will and for court instructions and directions to the personal representative of the estate with respect to an option in the will to purchase certain real estate. The county court dismissed Kerwood's petition. On appeal the district court found for the personal representative and remanded the case for further estate proceedings. Kerwood filed a motion for new trial, which was overruled. Kerwood has since timely appealed to this court. We affirm.

The relevant facts in this case are not in dispute. Walter Michels died testate on March 11, 1982. He was survived by his

wife, Dorothy Michels, and his two daughters, Jeanne Kerwood, the appellant, and Vernida Messing. All of these individuals are interested persons as defined by Neb. Rev. Stat. § 30-2209(21) (Reissue 1985). Harry Zweifel, who is associated with the Fairbury State Bank in Fairbury, Nebraska, was appointed personal representative of the Michels estate on April 19, 1982.

The controversy in this case arises from paragraph NINTH of the last will and testament of the decedent, Michels. Paragraph NINTH provided as follows:

I hereby grant to my son-in-law, LESTER D. MESSING, the option to purchase the following described real estate, to-wit:

The West Half of the Southeast Quarter ($W^1/_2SE^1/_4$); of Section Twenty (20) and The Northwest Quarter of the Northeast Quarter ($NW^1/_4NE^1/_4$): and Lot One (1) of the Northwest Quarter ($NW^1/_4$) of Section Twenty-nine (29), (said Lot 1 being also described as the $E^1/_3$ of the $N^3/_4$ of the $NW^1/_4$ of said Section 29);

All in Township Three (3) North, Range One (1), West of the 6th Principal Meridian, Thayer County, Nebraska, containing 160 acres, more or less

within one year of the date of my death for the sum of Fifty Thousand Dollars ($50,000.00), the proceeds from which shall become a part of my estate and shall pass pursuant to the terms of this, my Last Will and Testament. In the event my son-in-law, Lester D. Messing, does not excersise [sic] the option within one year from the date of my death to purchase the above described real estate, then said land shall pass under the terms of this, my Last Will and Testament.

In May of 1982 Lester and Vernida Messing gave Zweifel the following letter:

TO: Harry Zweifel, Personal Representative of the Estate of Walter G. Michels, Deceased

I, LESTER D. MESSING, hereby exercise the option contained in Article NINTH of the Last Will and

Testament of Walter G. Michels, deceased, to purchase the following described real estate . . . for the sum of FIFTY THOUSAND DOLLARS ($50,000.00).
DATED this 26 day of May , 1982.

/s/   Lester D. Messing
Lester D. Messing

On June 7, 1982, Kerwood filed a petition in the county court for Thayer County challenging the validity of the option given to her brother-in-law in Michels' will. The record shows that Kerwood sought to have the option declared void, alleging, "Paragraphs Third and Fourth of said Will are inconsistent and cannot be reconciled with Paragraph Ninth . . ." and "Paragraph Ninth . . . [is] the result of undue influence exerted upon the testator [Michels] by or on behalf of Lester Messing and Vernida Messing . . . ."

Zweifel testified that in June of 1982 he became aware of the litigation instituted by Kerwood and told the Messings that he would not tender a deed to the option property until all litigation was terminated. To this date the Messings have not tendered any payment toward the exercise of this option and Zweifel has continued to refuse to tender a deed.

Kerwood's petition was apparently dismissed by the county court, although the record is not clear when that occurred. Kerwood then filed a second petition with the Thayer County Court on January 11, 1983, containing the same allegations as the first petition. Three days later, on January 14, 1983, Kerwood filed a "Notice of Appeal." This document stated a request to transfer the case to the district court, as authorized by Neb. Rev. Stat. § 30-2429.01 (Cum. Supp. 1984). Trial was scheduled in the district court for November 14, 1983. On November 10, 1983, counsel for Kerwood filed an "Application for Leave to Withdraw as Counsel." On a showing of a letter from Kerwood to her attorneys dismissing them, counsel was permitted to withdraw on November 18, 1983. The district court also dismissed the case on November 18, 1983, pursuant to Kerwood's letter.

Kerwood filed a third petition in county court on December 23, 1983. This petition alleged that not only had the option price

not been tendered but that the price itself should reflect the fair market value of the property, which was alleged to be $150,000. Trial was held in county court on May 7, 1984. Although the county court's final order is not contained in this record, it is evident that the court ruled against Kerwood. On appeal to the district court, a hearing took place on August 30, 1984, where the court received into evidence the bill of exceptions from the county court and a copy of the inventory of the estate.

On September 28, 1984, the district court found for the personal representative and against Kerwood and remanded the case to county court "for further estate proceedings and the transfer of real estate in accordance with Paragraph Ninth of the will." Kerwood filed a motion for new trial, which was overruled. Kerwood has since timely appealed to this court.

In reviewing a probate case on appeal from the county and district courts, our review, like that of the district court, is confined to an examination for errors appearing on the record. Neb. Rev. Stat. § 25-1911 (Reissue 1985); *In re Estate of Casselman*, 219 Neb. 653, 365 N.W.2d 805 (1985); *In re Estate of Wagner*, 222 Neb. 699, 386 N.W.2d 448 (1986).

Kerwood has assigned eight errors. All allege, in one form or another, that the trial court erred in determining the option was valid even though more than a year had passed since the testator's death. Kerwood's position is that the district court erred in failing to find that the option provision contained in paragraph NINTH of the will contemplated payment of the purchase price in connection with its exercise. Kerwood contends that Lester Messing must not only give notice of his intent to exercise the option but was also required to tender the option price of $50,000. Zweifel, on the other hand, argues that "[a]rticle NINTH . . . does not require the tender of the payment of the purchase price within one year as a condition precedent, but merely the giving of notice of the exercise of said option." Brief for Appellee at 16.

We hold that payment is a necessary requisite to the exercise of the option. Messing had 1 year from the date of Michels' death to tender the option price to the personal representative. We reach this conclusion based upon the language contained in the option itself. The first part of paragraph NINTH grants an

"option to purchase" to Messing. Following a legal description of the option property, paragraph NINTH then provides that option must be exercised "within one year of the date of my death for the sum of . . . ($50,000.00)." Paragraph NINTH further provides that the proceeds from this sale then "become a part of my estate and shall pass pursuant to . . . my Last Will and Testament." Paragraph NINTH also provides, "In the event my son-in-law, Lester D. Messing, does not excersise [sic] the option within one year from the date of my death to purchase the above described real estate, then said land shall pass under . . . my Last Will and Testament." Paragraph NINTH allows Messing to pay the option price at any time within 1 year of Michels' death in order to properly exercise the option. The fact that Messing gave Zweifel a letter informing Zweifel of his intention to exercise the option has no legal effect in this case. If Messing had not tendered the purchase price along with an intent to exercise the option within 1 year of Michels' death, then the option would not have been properly exercised, absent the matters hereinafter discussed.

We have stated, " ' " 'An option to purchase real estate is a unilateral contract by which the owner of the property agrees with the holder of the option that he has the right to buy the property according to the terms and conditions of the contract. . . .' " ' " *Gleeson v. Frahm*, 211 Neb. 677, 679, 320 N.W.2d 95, 96 (1982). In instances where the contract specifies the required manner of acceptance, the optionee must conform. However, if the manner of acceptance is not specified, the optionee may exercise by promising to perform what the option requires of him. *Gleeson v. Frahm, supra*; Restatement (Second) of Contracts § 32 (1981). The option in this will specifies a particular manner of exercise and acceptance.

A dispositive issue remains, however. We have previously held that an unqualified renunciation of an executory contract before time for performance by one party excuses tender of performance by the other party at the time set for performance. See *Friehe Farms, Inc. v. Haberman*, 191 Neb. 292, 214 N.W.2d 916 (1974). See, also, *Chiles, Heider & Co. v. Pawnee Meadows*, 217 Neb. 315, 350 N.W.2d 1 (1984). In much the same manner, Zweifel has refused to tender a deed to Messing

because of the litigation instituted by Kerwood. Messing was excused from his obligation to tender the option price because tender would have been useless considering Zweifel's refusal to tender a deed. Thus, the time for allowing Messing to exercise his option under paragraph NINTH should be extended to the extent that Kerwood's various will contests interrupted the option period of 1 year.

The record in this case indicates that Kerwood filed her initial petition in county court on June 7, 1982, some 3 months after Michels' death. That period of time should be calculated in determining the 1-year option period. Beyond this, the record before us is incomplete and we are unable to determine when subsequent litigation began and ended. We are unable to determine when Zweifel would be able to tender a deed without the complications interposed by Kerwood's will contests. The county court must make such a determination in order to allow Messing his full 1-year option period. To deny Messing the full 1-year option period would frustrate the intent of the testator.

The order of the district court is hereby affirmed and the cause remanded to the district court with directions to return the matter to county court for further proceedings consistent with this opinion.

AFFIRMED AND REMANDED WITH DIRECTIONS.