IN RE ESTATE OF ROY A. WAGNER, DECEASED.
DELPHINE WAGNER, PERSONAL REPRESENTATIVE OF THE ESTATE
OF ROY A. WAGNER, DECEASED, APPELLANT, V. NICHOLAS J.
LAMME, APPELLEE.

386 N.W.2d 448

Filed May 9, 1986.    No. 84-937.

William G. Line of Kerrigan, Line & Martin, for appellant.

Lawrence H. Yost and Nicholas J. Lamme of Yost, Schafersman, Yost, Lamme & Hillis, P.C., for appellee.

BOSLAUGH, HASTINGS, CAPORALE, and GRANT, JJ., and BRODKEY, J., Retired.

HASTINGS, J.

Delphine Wagner, the personal representative of the estate of Roy A. Wagner, deceased, has appealed from the judgment of the district court which affirmed the order of the county court allowing Nicholas J. Lamme an attorney fee in that estate proceeding. A related case involving some of the facts forming the background for this appeal is *In re Estate of Wagner*, 220 Neb. 32, 367 N.W.2d 736 (1985) (a conservatorship).

The transcript contains nothing of the county court proceedings except for the application and order awarding fees. The bill of exceptions sheds little additional light as to the nature and extent of the services rendered. Unfortunately, a good portion of it is devoted to accusations and counteraccusations made by the two lawyers involved. In our review of the case, we, like the district court, are confined to an examination for errors appearing on the record. *In re Estate of Casselman*, 219 Neb. 653, 365 N.W.2d 805 (1985).

Although it does not appear in the record, appellee's brief suggests that Roy A. Wagner died on June 19, 1983, and shortly thereafter the firm of which Lamme was a member filed a petition for probate of the will and for appointment of the decedent's wife, Delphine Wagner, as personal representative.

Friction developed between four of the children on the one hand and Delphine and one or two other children on the other hand. This resulted in the filing on October 6, 1982, of a petition for appointment of a conservator for Delphine.

At the time these disputes developed, Lamme concluded that he could not represent Delphine personally but would continue to "represent the estate." He informed Delphine and her daughter Clarinda of that decision. He also wrote a letter to all of the heirs, dated October 3, 1983, canceling a meeting which he had scheduled with all of the heirs, and informing them that "[s]ince the Estate, as an entity, will need representation, I will endeavor to continue with that representation. I am, however, unwilling to represent one heir against another."

Shortly after writing that letter, Lamme did receive a short note from Delphine asking that he submit an itemized bill. It is quite apparent that he interpreted that as a request to terminate his services, because he then wrote her a letter, dated October 19, 1983. He stated in that letter:

> I am in receipt of your letter asking for an itemized bill. In consideration of the fact that there is an Application for Conservatorship for you pending, it is our intention to remain as attorneys of record in the Estate until that matter is resolved.
>
> If, after the trial the Court rules that a Conservatorship is not needed for you and if you then want us to bill and/or withdraw as attorneys of record for the Estate, we will do so at that time. Until then, we feel that is inappropriate to do so.

Lamme further explained his refusal to step down as the attorney for the personal representative because "I took the position at that time, as I had felt that she was under the . . . undue influence of her daughter."

Lamme testified in the conservatorship proceedings. He agreed that Delphine was competent generally. By order dated

January 13, 1984, the county court appointed the First National Bank and Trust Company, Fremont, Nebraska, as her conservator. The court found that she was not competent to manage and invest substantial assets. Although it does not appear in the record as such, the parties agree that Delphine was removed as personal representative of her husband's estate and the bank was appointed as successor personal representative. Lamme was then retained by the bank to proceed with the estate matters.

Lamme then became concerned that by reason of Neb. Rev. Stat. § 24-541.03 (Cum. Supp. 1982) ["In appeals in matters arising under the Nebraska Probate Code the appeal shall be a supersedeas for the matter from which the appeal is specifically taken, but not for any other matter"], the order of the county court removing Delphine as personal representative would not yet be effective. Consequently, the First National Bank could not function as successor personal representative. Therefore, he did ask the court to appoint the bank as a special administrator, which was accomplished on March 12, 1984.

Lamme testified that during that period of time, while representing the bank either as a successor personal representative or a special administrator, he continued to represent the estate, doing those things that were necessary, including the preparation of a federal estate tax return. He also said that at the request of attorney William Line he sent to Line the inventory and estate tax return for Delphine to sign on March 15, 1984. Although the letter requested that Delphine sign the documents and return them to Lamme, Line countersigned the estate tax return as attorney for the estate and filed it himself. It was not until then, Lamme claims, that he was informed not to proceed further with the estate.

As a result of the appeal to the district court, the order of the county court appointing a conservator for Delphine and removing her as personal representative of her husband's estate was reversed by order dated May 9, 1984. That action was affirmed by this court in the case of *In re Estate of Wagner*, 220 Neb. 32, 367 N.W.2d 736 (1985).

The parties stipulated during the county court proceedings on the fee matter that $11,275 plus costs had been paid into the

trust account belonging to Line's law firm and that such amount was a fair and reasonable fee for the total services rendered in the Roy A. Wagner estate proceedings. The county court ordered that Lamme's firm be paid 85 percent of the total fee and Line's firm 15 percent. There had been no appeal from the allowance to Line, and the order in that regard is final. The only question on this appeal relates to the fee awarded to Lamme.

Although appellant sets forth what she denominates as 11 assignments of error, the only one that has any substance is that Lamme had no authority to continue with the estate proceedings after being discharged in October of 1983.

Lamme insisted that although he understood that Delphine intended to discharge him in October, she was not competent to do so. However, he himself testified at her conservatorship proceedings that she was competent generally but was under the undue influence of her daughter. The fact remains, as previously stated, that upon appeal of the order removing Delphine as personal representative and appointing the bank to succeed her, that order was superseded under the provisions of § 24-541.03, and Delphine was still the personal representative. The reversal by the district court and the affirmance of that order by this court removed any doubt in that regard.

Lamme contends that he would not represent Delphine in the attack on her competency to continue as personal representative but would continue to "represent the estate." Attorneys represent people. There is no such position known as "attorney of an estate." When an attorney is employed to render services in securing the probate of a will or settling an estate, he acts as attorney for the personal representative and not for the estate. *In re Ogier*, 101 Cal. 381, 35 P. 900 (1894). See, also, *In re Estate of Cromwell*, 522 S.W.2d 36 (Mo. App. 1975).

Neb. Rev. Stat. § 30-2476(21) (Reissue 1979) empowers the personal representative to employ an attorney to assist in the performance of the administrative duties of the representative. The appellee concedes this proposition, as well as the corollary that such representative also has the power to discharge the attorney.

It seems apparent that under certain circumstances a court would be authorized to appoint a special personal representative to serve, perhaps under the very circumstances of a case like this. However, there is no indication of any services performed by Lamme in this capacity. Tom Kelly, an employee of the bank, in his testimony as a witness for the appellee, stated that he was not aware of any services performed in regard to the estate proceedings between the time Mrs. Wagner was removed as personal representative and the bank was appointed as successor representative. He testified to no services that Lamme performed.

The only services which the record would support were performed by Lamme after the appointment of Delphine Wagner as the personal representative were the preparation of an inventory and a federal estate tax return. It is difficult to determine whether this was done before or after the bank was appointed as special administrator. Although it is claimed by the appellant that both of those documents were erroneous and had to be corrected by Line, which is conceded by Lamme, the record suggests that the errors were not of such import as to make them totally worthless.

However, we believe it quite apparent that from the time of Lamme's discharge by Delphine and his employment by the bank as special administrator, he had no client and no authority to perform any services in this proceeding. Any allowance of fees for purported services rendered during that period of time was without authority and constituted error on the part of the trial court. However, he would be entitled to payment for work performed for the special administrator.

Accordingly, with this as a guideline, the judgment is reversed and the cause is remanded to the district court with directions to remand to the county court for further proceedings. The county court should determine the amount of any fee to which Lamme may be entitled for services legitimately rendered to the personal representative prior to October of 1983, and to the First National Bank as special administrator after March 12, 1984, and until its discharge.

REVERSED AND REMANDED WITH DIRECTIONS.