WILLIAM G. LINE, INDIVIDUALLY AND AS A PARTNER ON BEHALF OF KERRIGAN, LINE & MARTIN, A PARTNERSHIP, APPELLANT, V. HONORABLE GERALD E. ROUSE, ACTING AS A JUDGE OF THE COUNTY COURT FOR DODGE COUNTY, NEBRASKA, BY DESIGNATION, APPELLEE, AND MERRILL SNOVER AND DOROTHY WILLNERD, COPERSONAL REPRESENTATIVES OF THE ESTATE OF WALTER SNOVER, DECEASED, INTERVENORS-APPELLEES.

491 N.W.2d 316

Filed October 23, 1992.    No. S-91-387.

Thomas A. Grennan and Michael C. Schilken, of Gross & Welch, P.C., for appellant.

Don Stenberg, Attorney General, and Charles E. Lowe for appellee.

Charles H. Wagner, of Edstrom, Bromm, Lindahl, Wagner & Miller, for intervenors-appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The plaintiff, William G. Line, has appealed from the judgment of the district court denying his petition for a writ of prohibition against Gerald E. Rouse, a county judge.

This case arises out of a controversy between Line and two beneficiaries of the estate of Walter Snover, deceased. Line, who is an attorney at law, was appointed as a coconservator for Snover on June 30, 1982. Snover died on December 24, 1985, and on January 10, 1986, Line was appointed personal representative in the Snover estate proceeding.

Line was removed as personal representative by an order of the district court on October 2, 1987, which was affirmed in *In re Estate of Snover*, 233 Neb. 198, 443 N.W.2d 894 (1989).

After Line had been removed as personal representative, Merrill Snover and Dorothy Willnerd were appointed as successor copersonal representatives. On July 27, 1990, the successor copersonal representatives filed a motion in the county court to surcharge Line. The motion to surcharge alleged claims against Line individually and as former personal representative in the estate of Walter Snover; John Kerrigan, Daniel Martin, and Line, individually and doing business as Kerrigan, Line & Martin; State Surety Company; and United States Fidelity and Guarantee Company.

The motion to surcharge further alleged that Line

as Co-Conservator, individually, Personal Representative, individually, and as an attorney for the Estate, and Kerrigan, Line & Martin, Partnership, as attorneys for Co-Conservator and Personal Representative, failed to observe the standard of care applicable to Conservators, Personal Representatives, and attorneys, and further failed to settle and distribute the Estate of the decedent in accordance with the terms of the probated and effective Will and of the Uniform Probate Code as expeditiously and efficiently as was consistent with the best interests of the Estate . . . .

The motion to surcharge then sets out seven paragraphs

which identify the acts complained of, all of which are acts of Line as former personal representative. The motion prayed for judgment against Line, individually; against his law firm, Kerrigan, Line & Martin; and against State Surety Company in a sum exceeding $60,000.

Line and his law firm filed a special appearance and demurrer challenging the jurisdiction of the county court to hear the motion to surcharge on the ground that the action was one for legal malpractice alleging damages in excess of $10,000. The county court overruled both the special appearance and the demurrer, finding that the $10,000 limitation on jurisdiction provided in Neb. Rev. Stat. § 24-517(4) (Reissue 1989) was inapplicable because a motion to surcharge is a matter which is exclusively within the county court's probate jurisdiction.

On October 31, 1990, Line, individually and as a partner in his law firm, filed a petition for a writ of prohibition against Judge Rouse. An alternative writ of prohibition was issued November 28, and an amended petition was filed December 10.

On February 11, 1991, the district court dissolved the alternative writ of prohibition and denied the plaintiff's petition for a writ of prohibition. The district court specifically found that

> the County Court would limit its surcharges to the area of probate matters as opposed to legal malpractice, either for negligence or failure to meet standards of other attorneys practicing in the community. . . .
>
> . . . .
>
> 1. That the petitioners have an adequate remedy at law by way of appeal from a judgment rendered in the County Court.
>
> 2. That numerous acts set out in the motion for surcharge concern the acts of the personal representative while acting in that capacity.
>
> 3. That the County Court has full jurisdiction to review the acts of the executor/administrator while acting in that capacity.
>
> 4. That tort actions may be filed in either the County or District Court dependant [sic] upon the amount prayed for in the petition.

From that judgment, Line has appealed.

The plaintiff has assigned as error the district court's findings, its failure to grant a writ of prohibition, and its failure to find that the defendant's construction of the county court jurisdictional statutes was a violation of the Nebraska Constitution.

The plaintiff claims that if the county court has jurisdiction to hear the attorney malpractice allegation contained in the successor copersonal representatives' motion to surcharge, his right to a jury trial as provided in article I, § 6, of the Nebraska Constitution would be violated as well as his right under article V, § 9, of the Nebraska Constitution which provides for chancery and common-law jurisdiction in the district courts. Accordingly, he argues that a writ of prohibition should have been granted to prevent the county court from violating his constitutional rights.

> " 'Prohibition is the proper remedy where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force . . . .' "
>
> . . . "In general, three things are necessary to justify the issuance of a writ of prohibition; that the court, officer, or person against whom it is directed is about to exercise judicial or quasi-judicial power, that the exercise of such power by such court, officer, or person is unauthorized by law, and that it will result in injury for which there is no other adequate remedy."

*State of Nebraska ex rel. Line v. Kuhlman*, 167 Neb. 674, 681, 94 N.W.2d 373, 379 (1959).

In Nebraska, the county court has exclusive original jurisdiction of all matters relating to decedents' estates. See § 24-517(1) and Neb. Rev. Stat. § 30-2211 (Reissue 1989). In *Sass v. Sass*, 182 Neb. 277, 154 N.W.2d 456 (1967), this court held that the county court has jurisdiction to review and discipline a personal representative for breach of fiduciary duties until there has been full compliance with all judgments, orders, and decrees and until the estate is placed in the hands of the distributees.

An action to surcharge a personal representative may be

brought to recover losses to the estate for an alleged breach of fiduciary duty by the personal representative. Michael L. Johnson, *Surcharge Litigation in Nebraska*, 22 Creighton L. Rev. 351 (1989). The measure of damages is the monetary damage to the estate caused by the personal representative's breach of fiduciary duties. *Id*.

This case is complicated by the fact that the copersonal representatives combined allegations against only Line in his capacity as the former personal representative, with allegations against Line and his law firm sounding in tort and, in effect, alleging legal malpractice. The county court should have required the copersonal representatives to separate what amounts to separate causes of action so that they could be dealt with separately and in an efficient manner.

In the present case, the successor copersonal representatives' motion to surcharge Line alleges damage to the estate in excess of $60,000, which was caused by various acts of Line in his capacity as personal representative. The motion also alleges that Line and his law firm breached the standard of care applicable to attorneys; however, it does not specifically allege how the standard of care was violated. The successor copersonal representatives pray for a monetary judgment exceeding $60,000 against Line as personal representative and against Line and his law firm as attorneys.

Section 24-517(4) provides that the county court shall have

> [c]oncurrent original jurisdiction with the district court in all civil actions of any type when the amount in controversy does not exceed ten thousand dollars. When the pleadings or discovery proceedings in a civil action indicate an amount in controversy may exceed ten thousand dollars, the county court shall certify the proceedings to the district court as provided in section 25-2706.

While jurisdiction over the surcharge allegations against Line is properly before the county court as a matter related to Snover's estate, it appears that the legal malpractice allegations against Line and his law firm are not properly before the county court because the damages alleged exceed $10,000.

A writ of prohibition is not the proper remedy to prevent the

county court from exercising jurisdiction over the malpractice allegations against Line and his law firm. The proper remedy is to certify that part of the proceeding which concerns legal malpractice to the district court as provided in § 24-517(4). After that has been done, only the proceeding to surcharge Line will be pending in the county court.

The judgment of the district court denying a writ of prohibition is affirmed.

AFFIRMED.