In re Estate of Walter Snover, deceased.
Merrill Snover and Dorothy Willnerd, Copersonal
Representatives of the Estate of Walter Snover, deceased,
appellants and cross–appellees, v. William G. Line,
individually and as former Personal Representative of the
Estate of Walter Snover, deceased, appellee and
cross–appellant.

546 N.W.2d 341

Filed April 23, 1996.  No. A–94–579.

534

Charles H. Wagner, of Edstrom, Bromm, Lindahl, Wagner & Miller, for appellants.

Thomas A. Grennan and Alison L. McGinn, of Gross & Welch, P.C., for appellee.

MILLER–LERMAN, Chief Judge, and IRWIN and MUES, Judges.

IRWIN, Judge.

## I. INTRODUCTION

The successor copersonal representatives of an estate brought a surcharge action against the former personal representative. The county court awarded various damages, including a refund of the former personal representative's fees, reimbursement of interest and penalties incurred because of the former personal representative's failure to timely file an estate tax return, attorney fees incurred by the successor copersonal representatives in securing the former personal representative's removal and in bringing the surcharge action, and costs. The district court affirmed in part and reversed in part, reversing the county court's award of prejudgment interest and attorney fees and reducing the award of costs. The successor copersonal representatives appealed the district court's order, and the former personal representative cross–appealed. We affirm the decision of the district court in all regards except that portion of the decision regarding attorney fees. In that regard, we remand because we find the county court should make a finding on whether or not the former personal representative's actions in the case were frivolous.

## II. BACKGROUND

This is the fourth time various aspects of this estate proceeding have been reviewed by the Nebraska appellate courts. The three previous occasions have been: *In re Estate of Snover*, 233 Neb. 198, 443 N.W.2d 894 (1989) (judgment of

district court removing William G. Line as personal representative for estate affirmed); *Line v. Rouse*, 241 Neb. 779, 491 N.W.2d 316 (1992) (judgment of district court denying Line's petition for writ of prohibition as former personal representative against Judge Rouse affirmed); and *State ex rel. Line v. Rouse*, 241 Neb. 784, 491 N.W.2d 320 (1992) (judgment of district court denying Line's motion for writ of mandamus as former personal representative against Judge Rouse affirmed).

Walter Snover died on December 24, 1985. William G. Line was appointed personal representative of the estate on January 10, 1986, by the Dodge County Court. Line is also an attorney licensed to practice law in the State of Nebraska. Line began to carry out his duties as personal representative and collected the assets of the estate, filed an inventory, and began county, state, and federal inheritance tax determinations.

Line paid himself attorney fees of $11,600.22 and personal representative fees of $4,649. Line failed to file a federal estate tax return within the statutory period and also failed to request an extension. Merrill Snover and Dorothy Willnerd, two of the heirs of the estate, filed a request for supervised administration of the estate in the county court. On January 23, 1987, the county court entered a progression order requiring Line to complete all matters of the estate within 45 days. On May 29, a hearing was conducted, at which time Line admitted that he had not complied with the progression order and had not yet filed a federal estate tax return.

On May 12, 1987, Snover and Willnerd filed a motion in the county court to have Line removed as personal representative. The Dodge County Court denied the motion. On appeal, the district court for Dodge County reversed the county court judgment and ordered Line removed. On further appeal to the Nebraska Supreme Court, the district court judgment was affirmed. See *In re Estate of Snover, supra*. On August 11, 1989, the Supreme Court held that Line's failure to comply with the progression order and his failure to file the estate tax return constituted a breach of his fiduciary duty and warranted his removal as personal representative. *Id.*

Snover and Willnerd were appointed successor copersonal representatives on October 10, 1989. The Internal Revenue

Service (IRS) determined that $35,000 in estate taxes was owed in addition to a penalty of $5,455.86 and interest of $11,451.67 for late filing. The successor copersonal representatives paid the estate taxes and penalties in February 1990.

Snover and Willnerd, as successor copersonal representatives, brought a motion to surcharge Line for damages caused to the estate by the breach of his fiduciary duty. A hearing was held on the fourth amended motion to surcharge on October 19 through 21, 1992. Snover and Willnerd asserted that Line failed to observe the standard of care applicable to personal representatives who are also attorneys, and they sought recovery of the penalty and interest assessed by the IRS for the late estate tax return, reimbursement for an unauthorized excess distribution to one of the heirs, reimbursement of the personal representative and attorney fees which Line had paid to himself and interest on the reimbursements, reasonable attorney fees incurred in the action to remove Line as personal representative, reasonable attorney fees incurred in the surcharge action, and costs incurred in the surcharge action. Line argued primarily that the county court did not have jurisdiction over the case because the allegations in the motion were more properly considered complaints of attorney malpractice. Additionally, Line argued that the statute of limitations had run and, through questioning at trial, that his actions had been authorized by the will and were therefore not the proper subject of a surcharge action.

On March 18, 1993, the county court entered a "Surcharge Action Judgment." The court made specific findings of fact and conclusions of law. The court held that Line breached his duties as personal representative and that he failed to observe the requisite standard of care for personal representatives who possess special skills. The court further held that Line's breach resulted in damage to the estate. The court granted the surcharge motion and assessed damages against Line as follows: (1) Line was ordered to reimburse the interest of $11,451.67 and penalty of $5,455.86 assessed by the IRS for the late filing of the estate tax return, (2) Line was ordered to reimburse his personal representative fees of $4,649, (3) Line was ordered to pay interest of $1,301.72 on the reimbursement of his personal

representative fees, (4) Line was ordered to reimburse the estate $786.48 for the unauthorized excess distribution to one of the heirs, (5) Line was ordered to pay attorney fees of $15,385.41 incurred in the action to remove Line as personal representative, (6) Line was ordered to pay attorney fees incurred by the estate in the surcharge action in an amount determined at a later hearing to be $47,310.50, and (6) Line was ordered to pay costs incurred by the estate in the surcharge action in an amount determined at a later hearing to be $1,515.56. The court further held that attorney fees Line had paid to himself for work performed while he was personal representative were reasonable for work performed, and the court declined to surcharge Line for them.

Line appealed the county court decision to the district court for Dodge County. Line again asserted that the county court lacked jurisdiction over the proceeding because it was primarily a case of attorney malpractice, that the statute of limitations had run, and that the county court erred in granting the surcharge. In a May 10, 1994, order the district court found that the county court had properly removed all malpractice allegations from the proceedings by sustaining demurrers to the alleged malpractice claims and by specifically finding that the county court was without authority to hear any matters pertaining to attorney malpractice. As such, the district court determined that the county court had limited the case to matters directly pertaining to Line's conduct as a personal representative.

The district court affirmed the decision of the county court in part and reversed the decision in part. Specifically, the district court affirmed the following portions of the county court judgment: (1) surcharging Line for the penalty of $5,455.86 and interest of $11,451.67 assessed by the IRS; (2) ordering Line to reimburse the estate for his personal representative fees of $4,649; (3) ordering Line to reimburse the estate $786.48 for the unauthorized excess distribution to one of the heirs; (4) ordering Line to pay costs incurred by the estate in the surcharge action, but only in the amount of $715.96; and (5) finding that the attorney fees which Line paid to himself were reasonable for work performed.

The district court reversed the following portions of the county court judgment: (1) assessing interest against Line for the reimbursement of the personal representative fees, (2) ordering Line to pay attorney fees incurred by the heirs to secure Line's removal as personal representative, (3) ordering Line to pay attorney fees incurred by the estate in the surcharge action, and (4) ordering Line to pay costs incurred by the estate in the surcharge action in any amount exceeding $715.96.

This appeal timely followed.

### III. ASSIGNMENTS OF ERROR

Snover and Willnerd assign five errors on appeal. They assert the district court erred in the following respects: (1) in failing to order Line to reimburse the attorney fees he paid to himself while he was serving as personal representative, (2) in reversing the county court's award of interest on the reimbursement of Line's personal representative fees, (3) in reversing the county court's award of attorney fees incurred in securing removal of Line as personal representative, (4) in reversing the county court's award of attorney fees incurred in bringing the surcharge action, and (5) in decreasing the county court's award of costs incurred in bringing the surcharge action.

Line assigns five errors on cross-appeal, which we have consolidated for discussion to two. He asserts the district court erred in the following respects: (1) in failing to find that the action was for attorney malpractice, rather than surcharge, and (2) in failing to find that his actions were authorized.

### IV. STANDARD OF REVIEW

■ An appellate court reviews probate cases for error appearing on the record made in the county court. *In re Estate of Holt*, 246 Neb. 50, 516 N.W.2d 608 (1994); *In re Estate of Trew*, 244 Neb. 490, 507 N.W.2d 478 (1993).

### V. ANALYSIS
#### 1. SNOVER AND WILLNERD'S APPEAL

#### (a) Reimbursement of Line's Attorney Fees

The county court found that the work done by Line "in the filing of the inventory, etc. was proper work" and that the attorney fees Line paid to himself for the work were proper for

work performed. The county court did not surcharge Line for the attorney fees which he had paid to himself during the time he was personal representative. The district court affirmed the county court's holding with respect to these fees. On appeal, Snover and Willnerd assert that Line should have been surcharged and ordered to reimburse the fees.

At the outset, we note that no one raises any question concerning Line's authority to pay himself both attorney fees and personal representative fees for the work he performed in the dual capacity as both personal representative and attorney for the personal representative. As such, we expressly make no finding regarding the propriety of such action and limit our review to the question of whether the attorney fees were "proper for work performed."

■ Unless restricted by the will or by an order in a formal proceeding, a personal representative is authorized to employ persons, including attorneys, to advise or assist in the performance of administrative duties. Neb. Rev. Stat. § 30-2476 (Reissue 1989). The propriety of employment of any person, including attorneys, by a personal representative and the reasonableness of compensation paid such person by the personal representative may be reviewed by the court. Neb. Rev. Stat. § 30-2482 (Reissue 1995). When reviewing the compensation paid to an attorney employed by a personal representative, the court is to consider the following factors:

(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the service properly;

(b) The likelihood, if apparent to the personal representative, that the acceptance of the particular employment will preclude the person employed from other employment;

(c) The fee customarily charged in the locality for similar services;

(d) The amount involved and the results obtained;

(e) The time limitations imposed by the personal representative or by the circumstances;

(f) The nature and length of the relationship between the personal representative and the person performing the services; and

(g) The experience, reputation, and ability of the person performing the services.

*Id.*

In support of their claim that the attorney fees which Line paid to himself were excessive, Snover and Willnerd called Gale Tessendorf to testify. Tessendorf was qualified as an attorney with expertise in estate matters. Tessendorf testified that he had reviewed Line's handling of the estate and that he did not think Line was entitled to any compensation for the work performed.

On cross–examination, Tessendorf admitted that Line did perform certain tasks properly in his capacity as attorney for the personal representative. Specifically, Tessendorf found no fault with Line's preparation of the will for probate, such as the determination of heirs and preparation and filing of the registrar's statement, and he found no fault with the drafting and filing of the application for informal probate, the preparation and filing of the statement of values and income, the preparation and filing of the letters of the personal representative, the compliance with publication requirements, the preparation of the affidavit of mailing notice and filing of notice, the preparation of the petition for determination of inheritance tax, the preparation of an accounting, or the phone calls, correspondence, and similar administrative activities. Tessendorf found fault only with Line's preparation of and failure to timely file the federal estate tax return.

Aside from Tessendorf's testimony, there was no evidence presented to suggest the amount of attorney fees which Line paid to himself was unreasonable for performance of the above services. Tessendorf simply testified that Line was entitled to no compensation because he failed to timely file the estate tax return. We find no error in the district court's affirmance of the county court's denial of reimbursement for the attorney fees which Line paid to himself. This assigned error is without merit.

### (b) Interest on Reimbursement of Personal Representative Fees

The county court ordered Line to reimburse the estate for his personal representative fees. Additionally, the county court ordered Line to pay interest on the reimbursement from the date of removal in 1989. The district court reversed the county court award of interest, holding that there was no authority to allow an award of prejudgment interest in this case.

The Nebraska Supreme Court has held that prejudgment interest is recoverable when a claim is liquidated, that is, when "there is no reasonable controversy as to either plaintiff's right to recover or the amount of such recovery." *Lange Indus. v. Hallam Grain Co.*, 244 Neb. 465, 482, 507 N.W.2d 465, 477 (1993). See, also, *Albee v. Maverick Media, Inc.*, 239 Neb. 60, 474 N.W.2d 238 (1991); *Knox v. Cook*, 233 Neb. 387, 446 N.W.2d 1 (1989); *Graff v. Burnett*, 226 Neb. 710, 414 N.W.2d 271 (1987); *Fee v. Fee*, 223 Neb. 128, 388 N.W.2d 122 (1986). The claim in the present case was not liquidated, however, because there was reasonable controversy as to Snover and Willnerd's right to recover all or a portion of the personal representative fees. The disputes between the parties as to Line's performance required the trial court to calculate the amount to be reimbursed only after exercising its opinion and discretion in the factfinding process. See *Lange Indus. v. Hallam Grain Co., supra.*

Prejudgment interest is also recoverable when a claim is unliquidated if a plaintiff complies with the statutory requirements of Neb. Rev. Stat. § 45-103.02 (Reissue 1993). Compare § 45-103.02 (Cum. Supp. 1994). At the time the present case was tried, § 45-103.02 provided, in relevant part:

> [J]udgment interest shall also accrue on decrees and judgments for the payment of money from the date of the plaintiff's first offer of settlement which is exceeded by the judgment until the rendition of judgment if all of the following conditions are met:
>
> (1) The offer is made in writing upon the defendant by certified mail, return receipt requested, to allow judgment to be taken in accordance with the terms and conditions stated in the offer;

(2) The offer is made not less than ten days prior to the commencement of the trial;

(3) A copy of the offer and proof of delivery to the defendant in the form of a receipt signed by the party or his or her attorney is filed with the clerk of the court in which the action is pending; and

(4) The offer is not accepted prior to trial or within thirty days of the date of the offer, whichever occurs first.

§ 45-103.02 (Reissue 1993).

■ Section 45-103.02 applies to all causes of action accruing on or after January 1, 1987. *Elson v. Pool*, 235 Neb. 469, 455 N.W.2d 783 (1990). There is nothing in the record to reflect that Snover and Willnerd complied with the provisions of § 45-103.02. Thus, the district court properly held that Snover and Willnerd are not entitled to prejudgment interest on the reimbursement of Line's personal representative fees. This assigned error is without merit.

### (c) Attorney Fees for Surcharge Action

#### (i) General Rule

In the surcharge action, Snover and Willnerd requested an award of the attorney fees incurred in bringing the surcharge action against Line. The county court awarded these fees as damages. The district court found that there was no statutory authority or uniform course of practice to justify such an award of attorney fees and reversed the county court's award.

■ The rule in Nebraska is that attorney fees may be recovered only when authorized by statute or when a recognized and accepted uniform course of procedure has been to allow such a recovery. *First Nat. Bank in Morrill v. Union Ins. Co.*, 246 Neb. 636, 522 N.W.2d 168 (1994); *State ex rel. Reitz v. Ringer*, 244 Neb. 976, 510 N.W.2d 294 (1994); *Rosse v. Rosse*, 244 Neb. 967, 510 N.W.2d 73 (1994). Snover and Willnerd do not provide us with any authority, nor have we found any, that suggests any statutory authority or uniform course of practice which would allow attorney fees to be awarded in a surcharge action. However, Snover and Willnerd assert that Neb. Rev. Stat. § 25-824 (Reissue 1995), the frivolous pleadings statute,

should be applied to Line's defense of the surcharge action and to pleadings he filed during the surcharge action.

### (ii) Frivolous Pleadings

Snover and Willnerd argue that the frivolous pleadings statute, § 25-824(4), would authorize recovery of these attorney fees. They argue that Line acted frivolously in contesting and appealing his removal as personal representative and in contesting the surcharge action. Snover and Willnerd raised this statute as a basis for their request for attorney fees before the county court. The court awarded the attorney fees, but did not provide a specific basis for its finding that attorney fees were warranted. From the record it is apparent, however, that the fees were *not* awarded on the basis of the frivolous pleadings statute.

During Snover and Willnerd's argument, the court stated that "if your side prevails and the Court decides to award your attorney's fees, in essence then, whether there [were] frivolous pleadings or not, defending against those frivolous pleadings, you're going to be awarded your attorney's fees anyway." The court further stated that "the Court isn't saying in any way, shape or form, that there [were] frivolous pleadings in this particular matter." As such, the court did not appear to make any determination whether Line acted in a frivolous manner.

Section 25-824 allows a court to award reasonable attorney fees against an attorney or party who has brought or defended a civil action that alleges a claim or defense which the court determines is frivolous or made in bad faith. The Nebraska Supreme Court has defined "frivolous," for the purposes of § 25-824, as being a legal position wholly without merit, that is, without a rational argument based on law and evidence to support the litigant's position in the lawsuit. *First Nat. Bank in Morrill v. Union Ins. Co., supra*; *Sports Courts of Omaha v. Meginnis*, 242 Neb. 768, 497 N.W.2d 38 (1993). "The term 'frivolous,' . . . connotes an improper motive or a legal position so wholly without merit as to be ridiculous." *Behrens v. American Stores Packing Co.*, 236 Neb. 279, 288, 460 N.W.2d 671, 677 (1990). Any doubt about whether or not a legal position is frivolous or taken in bad faith must be

resolved in favor of the party whose legal position is in question. *Sports Courts of Omaha v. Meginnis, supra.*

The Supreme Court has further held that " 'attorneys and litigants should not be inhibited in pressing novel issues or in urging a position that can be supported by a good–faith argument for an extension, modification or reversal of existing law . . . .' " *Shanks v. Johnson Abstract & Title*, 225 Neb. 649, 655, 407 N.W.2d 743, 747 (1987) (quoting *Ltown Ltd. v Sire Plan*, 108 A.D.2d 435, 489 N.Y.S.2d 567 (1985)). Further, the determination of whether a particular claim or defense is frivolous must depend upon the facts of the particular case. See *Shanks v. Johnson Abstract & Title, supra.* A claim or defense that is simply without merit is not by definition frivolous. *Id.*

The present case is a complex and embattled estate proceeding. The entire proceedings concerning the estate have been before the courts for 10 years now. The record presented to the county court consists of several hundred pages of testimony and several hundred exhibits totaling thousands of pages. Although the record before us is indeed enormous, Snover and Willnerd do not cite us to any portion of the record, and we can find none, to indicate precisely which of Line's claims and defenses are claimed to have been frivolous. This, in conjunction with the fact that the issue was raised but not ruled on by the county court, leads us to the conclusion that the matter should be remanded to the county court for further proceedings and a determination of whether Snover and Willnerd are entitled to attorney fees for the surcharge action under the provisions of § 25–824.

### (d) Attorney Fees for Removal Action

In the surcharge action, Snover and Willnerd pled as damages the attorney fees incurred in securing Line's removal as personal representative in the prior removal action. The county court awarded the fees, but the district court reversed, finding that there was no statutory authority or uniform course of practice to support the award.

Snover and Willnerd do not provide a statutory basis or uniform practice to support the award, but, rather, argue on appeal that the attorney fees incurred in the removal proceeding

may be recovered as damages in the surcharge proceeding under an exception set out in the Nebraska Supreme Court's opinion in *Tetherow v. Wolfe*, 223 Neb. 631, 392 N.W.2d 374 (1986). We do not agree.

In *Tetherow*, the Nebraska Supreme Court recognized that an exception to the general rule governing the recovery of attorney fees in Nebraska exists when a plaintiff attempts to recover as damages attorney fees incurred in a prior suit brought *by a third party* because of the defendant's negligence. The court held:

> "One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action *against a third person* is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action."

(Emphasis supplied.) *Id.* at 638, 392 N.W.2d at 379 (quoting Restatement (Second) of Torts § 914(2) (1979)). Snover and Willnerd argue that because of Line's breach of fiduciary duty, they were required to act in the protection of their interests by bringing the removal action and are therefore entitled to recover as damages in the present action any attorney fees they incurred in the prior action.

"The rule . . . applies when the preceding action was brought against the present plaintiff either *by a third person* or by the state, and also when the present plaintiff has been led by the defendant's tort to take legal proceedings *against a third person*." (Emphasis supplied.) Restatement, *supra*, § 914(2), comment *b*. at 493. We can find no case, and Snover and Willnerd cite us to none, where the Supreme Court has applied this exception to a situation where the prior action involved the *same* parties rather than a *third* party. As such, the general rule applies, and attorney fees are not recoverable absent some statutory authority or uniform course of procedure.

Additionally, we note an apparent inconsistency in Snover and Willnerd's argument. Snover and Willnerd assert that the attorney fees incurred in the removal action are "damages" to the estate caused by the fact that Line breached his fiduciary duties as personal representative and made the removal action necessary. Snover and Willnerd do not, however, provide any

explanation as to why that reasoning should be applied to the attorney fees for the removal action when Nebraska law would clearly not allow the reasoning to be applied to the attorney fees in the surcharge action presently being appealed. We decline to apply Snover and Willnerd's reasoning, and attorney fees for the removal action are not recoverable in the surcharge action in the absence of a statutory basis or uniform course of practice authorizing such fees.

### (e) Costs for Surcharge Action

Snover and Willnerd sought recovery of the costs incurred in bringing the surcharge action. On May 6, 1993, the court conducted a hearing on the amount of costs to be awarded. Snover and Willnerd submitted an exhibit which itemized expenses totaling $1,515.56, of which Snover and Willnerd sought recovery. The county court awarded that amount. The district court affirmed the award of costs, but limited recovery to $715.96, finding that the county court had awarded recovery of expenses which are not properly taxed as costs.

The district court noted that "[m]any of the expenses taxed as 'costs' consisted of photocopying, postage, and fax charges." The Nebraska Supreme Court has held that only such items as are prescribed by statute or expressly authorized by agreement of the parties may be taxed as costs. *Kliment v. National Farms, Inc.*, 245 Neb. 596, 514 N.W.2d 315 (1994). We have been directed to no statutes or case law, nor have we found any, which defines costs to include photocopying, postage, or fax charges. Accordingly, the district court was correct in reducing the amount of costs awarded. This assigned error is without merit.

### 2. LINE'S CROSS–APPEAL

### (a) Malpractice Versus Surcharge

On cross–appeal, Line asserts that Snover and Willnerd's motion for surcharge was actually a claim for attorney malpractice with alleged damages in excess of $15,000. Accordingly, Line argues that the county court had no subject matter jurisdiction to hear the claim. Line also argues that the statute of limitations for professional malpractice claims had expired

and should have barred the claim. Finally, Line argues that the county court erred in failing to certify the action to the district court. It is Line's contention that the district court erred in rejecting these arguments.

### (i) Subject Matter Jurisdiction of County Court

Line alleges that the motion for surcharge asserted claims premised on alleged malpractice. Line argues that Snover and Willnerd were trying to recover for damages caused by Line's actions "as an attorney" rather than "as a personal representative." This case is complicated somewhat by the fact that Line served in the dual capacity as personal representative and attorney.

In one of the previous appeals of this case, *Line v. Rouse*, 241 Neb. 779, 491 N.W.2d 316 (1992), Line appealed from the district court's denial of a writ of prohibition. In that action, Line sought a writ of prohibition to prevent the county court from hearing the motion to surcharge because the action was one for legal malpractice, similar to his argument on appeal in the present action. The Supreme Court recognized that the motion to surcharge "combined allegations against only Line in his capacity as the former personal representative, with allegations against Line and his law firm sounding in tort and, in effect, alleging legal malpractice." *Id*. at 783, 491 N.W.2d at 319. The court affirmed the denial of the writ of prohibition, holding that a writ of prohibition was not the proper remedy to prevent the county court from exercising jurisdiction over the malpractice allegations. *Id*.

Since the original motion to surcharge was filed, Snover and Willnerd have filed four amended motions. On October 19, 1992, the court sustained demurrers to any allegations in the third amended motion to surcharge which pertained to alleged professional negligence by Line. Snover and Willnerd filed a fourth amended motion to surcharge in which all references to actions by Line in his capacity as an attorney were eliminated. The court thus limited its review of Line's actions to a review of his actions in his capacity as a personal representative.

Neb. Rev. Stat. § 30–2464 (Reissue 1995) provides that a personal representative is a fiduciary who is obligated to

observe the standards of care applicable to trustees as described in Neb. Rev. Stat. § 30–2813 (Reissue 1995). Accordingly, a personal representative is obligated to observe the standards in dealing with assets that would be observed by a prudent man dealing with the property of another, and if the personal representative has special skills, he is under a duty to use those skills. See §§ 30–2464 and 30–2813. As a result, because Line is an attorney, when he acted as a personal representative he was under a duty to use his special skills as an attorney.

Upon a review of the fourth amended motion to surcharge and the record in this case, it is clear that the matter proceeded to trial *only* on a review of Line's actions in his capacity as a personal representative *with the special skills of an attorney*. Line cannot escape liability for his actions simply by claiming that he was at all times wearing his "attorney hat" rather than his "personal representative hat." To assert that Line's actions in the present case constitute only malpractice, rather than a breach of his duty as personal representative, would have the practical effect of shielding him from liability to the estate solely because of his unique position of being an attorney who was appointed personal representative.

In a case with some factual similarities, the Washington Supreme Court has specifically held that beneficiaries of an estate are not entitled to bring a malpractice suit against an attorney hired by the personal representative. See *Trask v. Butler*, 123 Wash. 2d 835, 872 P.2d 1080 (1994). That court held that an attorney hired by the personal representative owes no duty of care to the estate or the beneficiaries. *Id*. The court held that the attorney is generally hired in contemplation of benefiting the personal representative in the exercise of his duties, and the beneficiaries therefore have no standing to sue the attorney for professional negligence. *Id*.

Similarly, the Nebraska Supreme Court has recognized that when a personal representative hires an attorney, the *personal representative* is the attorney's client, not the estate. *In re Estate of Wagner*, 222 Neb. 699, 386 N.W.2d 448 (1986). The Supreme Court has also held that attorney malpractice claims can be brought only by the client of the attorney, because the attorney–client relationship is uniquely personal. *Earth Science*

*Labs. v. Adkins & Wondra, P.C.*, 246 Neb. 798, 523 N.W.2d 254 (1994). Specifically in the context of estate matters, the court has held that an attorney who drafts a will owes no duty to the beneficiaries, but, rather, owes a duty to the decedent only. *St. Mary's Church v. Tomek*, 212 Neb. 728, 325 N.W.2d 164 (1982).

As a result, if we accepted Line's argument that liability for his breach of duty as a personal representative may be assessed only in a malpractice action, he would no doubt assert in such action that the only party entitled to bring a claim of professional malpractice against Line, in his capacity as *attorney* for the personal representative, would be Line himself, in his capacity as *personal representative*. Line's actions as personal representative are not transformed into actions by an attorney simply because he wore "both hats." Because any claim premised on an allegation that Line failed to observe the standard of care owed *by attorneys* to their clients was removed from the surcharge proceeding, and because Line's actions were reviewed only as actions conducted by a personal representative with special skills, the county court did have jurisdiction over the matter.

Line also asserts that it is unconstitutional to allow a county court to entertain a malpractice action under the guise of the probate code's authority for surcharge actions. As noted, this was not a malpractice action, but was a proper surcharge action against Line and his actions as personal representative. This assigned error is without merit.

### (ii) Statute of Limitations

Line asserts that the statute of limitations for malpractice actions should have governed this case. As noted above, as the action was tried to the county court it was not an action for professional malpractice, but, rather, was a proper surcharge action in probate. This assigned error is without merit.

### (iii) Failure to Certify Action

Line asserts that the county court erred in not certifying the action to the district court because the action was one for professional malpractice. He asserts that the district court erred in not finding that the county court so erred. As noted above,

as the action was tried to the county court it was not an action for professional malpractice, but, rather, was a proper surcharge action in probate. This assigned error is without merit.

### (b) Authority for Actions

Finally, Line also asserts that he should not have been surcharged because his actions were authorized by the will. We find the argument to be without merit.

Section 30–2464(b) provides that a personal representative shall not be surcharged for acts of administration or distribution if the conduct was authorized at the time. Line argues that the will and Nebraska statutes authorized him, as personal representative, to pay estate taxes, including any interest or penalties. Because of this authority, Line deduces that the court had no authority to surcharge him for his actions in the present case.

Line fails to provide us with any authority, and we have found none, that authorizes a personal representative to breach his fiduciary duty by failing to timely file the estate tax return, thereby incurring penalties and interest against the estate. Neb. Rev. Stat. § 30–2490 (Reissue 1995) provides that issues of liability between the estate and the personal representative may be resolved in a surcharge action. Because Line was found to have breached his fiduciary duty to the estate by failing to timely file the estate tax return, the issues of liability for damages caused by his breach were an appropriate subject of a surcharge action. This assigned error is without merit.

## VI. CONCLUSION

The decision of the district court is affirmed in all regards, except that portion of the decision regarding attorney fees for the surcharge action. In that regard, we reverse the decision because the county court failed to make a finding on whether or not Line's actions in defending against the surcharge action were frivolous, and the cause is remanded for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.