IN RE ESTATE OF MAMIE G. REED, DECEASED.
VELMA COOK, PERSONAL REPRESENTATIVE, APPELLEE,
AND RICHARD ROWLAND, APPELLANT, V. JOHN E. LYNCH,
SUCCESSOR PERSONAL REPRESENTATIVE, APPELLEE.

663 N.W.2d 147

Filed June 17, 2003. No. A-01-1195.

Richard Rowland, of Quinn & Wright, pro se.

Jay A. Ferguson for appellee John E. Lynch, and John E. Lynch, pro se.

IRWIN, Chief Judge, and CARLSON and MOORE, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Richard Rowland, attorney for Velma Cook, original personal representative of the estate of Mamie G. Reed, appeals from an order of the county court ordering Rowland and the original personal representative "jointly and severely [sic] personally liable to" John E. Lynch, successor personal representative, for attorney fees and successor personal representative fees in the amount of $16,300.59. On appeal, Rowland asserts, inter alia, that the county court had no authority to assess costs against him in his capacity as attorney for the original personal representative. Because we agree, we reverse, and remand with directions.

## II. BACKGROUND

On February 12, 1996, the county court entered a statement of informal probate in a case captioned "In the Matter of the Estate of Mamie G. Reed." At that time, the original personal representative was appointed. Rowland filed documents on behalf of the original personal representative in his capacity as her attorney.

On June 18, 1998, the Nebraska Supreme Court circulated case progression standards for probate cases. The case progression standards were captioned as a "Directive to All County Courts" and provided, in relevant part, as follows:

> (3) In all probates not completed within 24 months, the county court shall order the personal representative to show cause why the probate should not be closed within 3 months or the personal representative removed and a new personal representative appointed. Upon removal of the personal representative, the county court shall appoint a new personal representative, who shall proceed forthwith to complete the administration of the probate. The county court shall tax the costs of completion of the administration to the former personal representative and his or her attorney.

On August 25, 1998, the county court issued an order to show cause ordering the original personal representative to file closing documents by August 31 or show cause why the estate needed to be kept open longer. The county court specifically referenced and attached a copy of the case progression standards directive of June 18. On August 31, the original personal representative,

through Rowland in his capacity as her attorney, filed a response indicating that the estate could be closed within 90 days.

On March 10, 1999, the county court entered an order removing the original personal representative and appointing a successor personal representative. The county court further ordered that "[a]ny and all costs incurred by [the successor personal representative] in his fiduciary capacity shall be taxed jointly and individually to [the original personal representative] and her attorney Richard A. Rowland."

On June 15, 2000, the original personal representative and Rowland filed a motion seeking to have the case progression standards directive declared unconstitutional on a variety of grounds. The county court overruled the motion on October 20.

On September 11, 2000, the successor personal representative filed an application for fees and closing of the estate. On August 20, 2001, the successor personal representative filed a supplemental application for attorney fees and personal representative fees. On September 6, Rowland, in his personal capacity, filed a resistance to the supplemental application resisting the successor personal representative's attempt to obtain a judgment for costs against Rowland.

On October 4, 2001, the county court entered an order awarding the successor personal representative $16,300.59, which included "attorney fees and personal representative fees in the amount of $10,564.00." The court ordered that the original personal representative and Rowland be jointly and severally personally liable for the $16,300.59 judgment, citing only to the county court's earlier orders and the case progression standards directive as authority for assessing costs against Rowland. This appeal followed.

### III. ASSIGNMENTS OF ERROR

Rowland has assigned eight errors on appeal. The only assigned error we need deal with is Rowland's assertion that the county court was without authority to assess costs and attorney fees against him in his role as attorney for the original personal representative.

We note that Rowland assigned one error concerning the removal of the original personal representative. However, Rowland

filed an amended notice of appeal indicating that the appeal was being prosecuted by himself, not on behalf of the original personal representative. Additionally, Rowland acknowledges in his brief that "the original [personal representative] has not participated in this appeal." Brief for appellant at 25. As such, we consider the assignment of error concerning the original personal representative's rights to be beyond the purview of this appeal.

## IV. ANALYSIS

Rowland's basic argument on appeal is that the county court was without authority to assess costs and attorney fees against him in his role as attorney for the original personal representative. Rowland argues that there was no finding that he personally was responsible for any delay in the administration of the estate and that there was no showing that he had any authority to act on his own to administer the estate without the action of the original personal representative. As such, Rowland argues that there is no authority for holding him responsible for costs and fees associated with the administration of the estate by the successor personal representative. We agree.

This court has expressly recognized that attorneys hired to represent personal representatives are employed for the benefit of the personal representative, not the estate. See *In re Estate of Snover*, 4 Neb. App. 533, 546 N.W.2d 341 (1996). As such, the personal representative is the attorney's client, not the estate. *Id*. The Nebraska Supreme Court recognized this in *In re Estate of Wagner*, 222 Neb. 699, 386 N.W.2d 448 (1986). Similarly, the Nebraska Supreme Court has held that attorney malpractice claims can be brought only by the client of the attorney. See, *Earth Science Labs. v. Adkins & Wondra, P.C.*, 246 Neb. 798, 523 N.W.2d 254 (1994); *St. Mary's Church v. Tomek*, 212 Neb. 728, 325 N.W.2d 164 (1982).

As such, it is apparent that Rowland, as the attorney for the original personal representative, never owed any duty to the estate. Rowland did not owe the estate any duty to ensure that the original personal representative timely administered the estate. By corollary, Rowland had no authority to act on behalf of the estate in administering the estate without the actions and directions of his client, the original personal representative.

■ Our research has revealed no authority whatsoever, and the successor personal representative has pointed us to no authority, which provides for the assessment of any costs and fees against an attorney representing the personal representative in an estate proceeding. The record presented to us does not contain any evidence or findings that Rowland personally was responsible in any way for the delay in administering this estate. As such, we conclude that the county court was without authority to order Rowland to pay the costs and fees incurred by the successor personal representative in administering this estate. Accordingly, the judgment of the county court is reversed, and the matter is remanded with directions to remove Rowland from the county court's judgment.

## V. CONCLUSION

There is no authority for assessing costs and fees against an attorney representing a personal representative in an estate proceeding. The county court's order to the contrary is reversed, and the matter is remanded with directions to remove Rowland from the county court's judgment.

REVERSED AND REMANDED WITH DIRECTIONS.